JOHN J. BUCK

*v.*

THE COUNTY OF HAMILTON.

*Filed at Mt. Vernon June 21, 1881.*

APPEAL *from an Appellate Court—what is a final judgment.* Where the judgment of the circuit court is, by the Appellate Court, "reversed, and the cause remanded to the circuit court for such other and further proceedings as to law and justice shall appertain," no appeal lies from the Appellate Court to the Supreme Court to review such a judgment, it being in no sense a final judgment.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Hamilton County; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. T. B. STELLE, and Messrs. HALL & HOGAN, for the plaintiff in error.

Mr. WILLIAM HAMILL, and Mr. J. C. EDWARDS, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought by John J. Buck, against the county of Hamilton, to recover money which he alleges was due him from the county for deputy and clerk hire, during a period he was clerk of the county of Hamilton. On the trial in the circuit court, plaintiff recovered a judgment, in the sum of $2132.38. That judgment, on the appeal of the county to the Appellate Court, was reversed, and the cause remanded. The plaintiff brings the case to this court on error. Our opinion is, this is not a case where a writ of error will lie from the Supreme Court to the Appellate Court. The Practice act provides, that "in all criminal cases, and in all cases where a franchise or freehold, or the

validity of a statute is involved, and in all other cases where the sum or value in controversy shall exceed $1000, exclusive of costs, which shall be heard in any of the Appellate Courts upon errors assigned, if the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed, or if final judgment or decree be rendered therein in the Appellate Court, or if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court, any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error." It will be perceived the case at bar falls within no provision of this statute. The judgment of the court below was not affirmed by the Appellate Court, no final judgment was entered by that court in the cause, nor was the judgment rendered such that no further proceedings could be had in the court below except to carry into effect the mandate of the Appellate Court. It will be observed the judgment of the circuit court was "reversed, and the cause remanded to the circuit court for such other and further proceedings as to law and justice shall appertain." The statute has not authorized either party to prosecute either an appeal, or writ of error from the Supreme Court to the Appellate Court from such a judgment. The judgment rendered by the Appellate Court in the cause was, in no sense, final. The cause may now be pending for trial in the court below, and it can not now be known but the judgment that may be rendered will be satisfactory to both parties. At all events, no appeal or writ of error lies from such a judgment to this court, and the writ of error sued out herein must be dismissed for want of jurisdiction in this court to hear and determine it.

*Writ of Error dismissed.*