ELIZABETH ANDERSON

*v.*

THOMAS E. FRUITT.

*Filed at Mt. Vernon January 22, 1884.*

APPEAL—*final judgment in Appellate Court—what so regarded—and in
what manner to be shown.* Where the Appellate Court reverses the judg-
ment of the circuit court, and remands the cause without any specific direc-
tions, but generally for such other proceedings as to law and justice shall
appertain, no appeal or writ of error lies from such judgment of the Appel-
late Court, it not being a final one. This court can not look into the opinion
of the Appellate Court to see what it may have directed to be done. This
must appear from the judgment or final order of that court.

WRIT OF ERROR to the Appellate Court for the Fourth Dis-
trict;—heard in that court on writ of error to the Circuit
Court of Madison county; the Hon. WILLIAM H. SNYDER,
Judge, presiding.

Messrs. HAPPY & TRAVOUS, for the plaintiff in error.

Messrs. IRWIN & SPRINGER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was originally commenced in the circuit court
of Madison county, by Thomas E. Fruitt, administrator of
the estate of John P. Anderson, deceased, against Elizabeth

Anderson, conservatrix of John Anderson, an insane person. The declaration is in the usual form in assumpsit, and contains the common counts, to which the general issue was pleaded, and it was agreed the plea of the Statute of Limitations may be considered pleaded in due form, with the proper issue given thereon. The cause was submitted to the court for trial without the intervention of a jury, and the court found the issues for defendant, and rendered judgment against plaintiff for costs. On a writ of error sued out by plaintiff, that judgment was reversed in the Appellate Court for the Fourth District, and the "cause remanded to the circuit court for such other and further proceedings as to law and justice shall appertain." It is obvious this is not a final judgment, in the sense those terms are used in the statute, so that the unsuccessful party could bring the cause to this court on appeal or writ of error. No direction is given in the judgment or final order of the Appellate Court to the circuit court, other than simply remanding the cause for "such other and further proceedings as to law and justice shall appertain." This court can not look into the opinion of the Appellate Court to ascertain what that court may have directed to be done. (*Coalfield Coal Co.* v. *Peck*, 98 Ill. 139.) It must appear from the judgment or final order of that court. *Harzfeld* v. *Converse*, 105 Ill. 534.

As the judgment rendered by the Appellate Court is not a final judgment in the sense those terms are used in the statute, the writ of error herein must be dismissed.

*Writ of error dismissed.*