<em>Decree affirmed.</em>

THE TRUSTEES OF SCHOOLS

*v.*

LEWIS POTTER *et al.*

*Filed at Mt. Vernon January 22, 1884.*

1. APPEALS—*from Appellate Court—when judgment not final.* Where the Appellate Court reverses the judgment of the circuit court for an error, in this, that one out of several issues of fact formed in the trial court was immaterial, and remanded the cause for further proceedings, without specific directions, no writ of error will lie from this court to review the judgment of the Appellate Court. In such case the judgment of the Appellate Court is not a final one, nor is it such that no further proceedings can be had in the trial court except to carry into effect the mandate of the Appellate Court.

2. SAME—*former decision.* The case of *Johnson v. Humboldt Ins. Co.* 91 Ill. 92, is not to be regarded as authority on this question, for, although the appeal was entertained, the question of the right to do so was not raised by counsel or passed upon by this court.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

Mr. HENRY S. BAKER, and Messrs. IRWIN & SPRINGER, for the plaintiffs in error.

Messrs. METCALF & BRADSHAW, for the defendants in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

. This action was brought in the Madison circuit court, by Trustees of Schools of town 4 north, range 6 west, against Lewis Potter, principal, and Henry C. Gerke and Philip Volk, sureties on the official bond of the former as late treasurer of said township. The bond sued on bears date the 9th of October, 1876, but it appears Potter had been treasurer of the township for twelve years next preceding that time, and had from time to time, as required by law, executed other bonds as treasurer, and, as is usually the case where a delinquent officer is his own successor, the defence consisted mainly in an effort to show that the delinquencies complained of occurred under some former bond or bonds. The breaches of the condition of the bond assigned in the declaration are in substance as follows:

"*First*—The failure of Potter to deliver, on demand, to his successor in office, the moneys, books, papers, etc., in his hands as treasurer of the township.

"*Second*—That during the time Lewis Potter held the said office, under said bond, there came to his hands as such treasurer, moneys, books, papers and securities pertaining to said office, amounting in value to a large sum of money, to-wit, the sum of $10,000, which said Potter unlawfully converted to his own use, and failed, neglected and refused, on demand, according to law, to pay over to his successor in office.

"*Third*—That for a long space of time prior to the execution and delivery of said bond, to-wit, for the space of twelve years, the said Lewis Potter lawfully held the office of treasurer of said township, and exercised the functions thereof, and during said space of time there came to his hands as such treasurer, moneys, books, papers and securities pertaining to his said office, of great value, to-wit, of the value of $10,000, which moneys, books, papers and securities passed

into and remained and continued in the hands of said Lewis Potter during the time he held and exercised the said office, under and by virtue of the said writing obligatory, yet the said Potter failed and refused, after demand made by his successor in office according to law, to deliver said last mentioned moneys, books, papers and securities to his said successor in office, contrary to law and the conditions of said bond.

"*Fourth*—That for a long space of time prior to the execution and delivery of said bond, to-wit, for twelve years prior thereto, said Potter continuously held the office of treasurer of said township, and exercised the functions thereof, and during said time there came to his hands, by virtue of said office, divers large sums of money, * * * amounting in the aggregate to a very large sum, to-wit, the sum of $10,000, which said Potter, during said time, unlawfully and wrongfully converted to his own use, and which it became his duty by law, and the conditions of said writing obligatory, to demand, receive and replace in the treasury of said township, during the time he continued to hold said office and exercise the functions thereof, under and by virtue of the said writing obligatory, yet said Potter failed, neglected and refused to demand, receive and replace said several sums of money, or any of them, or any part thereof, in the treasury of said township during his said last mentioned term of office as such treasurer, contrary to law and bond.

"*Fifth*—That during the time said Potter held said office, by virtue of said bond, divers orders were drawn in conformity to law, by the various boards of school directors of the several school districts of said township, against funds collected and in his hands, and subject to appropriation by such school directors, which said Potter failed and refused to pay upon presentation to him, and demand of payment of the same, and against which interest subsequently accrued, and was paid out of the funds of said districts in the hands of the

treasurer of said township, contrary to the conditions of said bond, to a large amount, to-wit, the sum of $2000."

The defendants filed pleas of *non est factum*, payment, and performance, upon which issues of fact were made up. The cause was tried on its merits, resulting in a judgment in favor of plaintiffs for $4068.32. On appeal by defendants the Appellate Court for the Fourth District reversed this judgment and awarded a repleader, on the ground the judgment was obtained on the fourth breach in the declaration, which, in the opinion of that court, presented an immaterial issue, and remanded the cause for further proceedings, without specific directions. By the present writ of error the trustees of schools seek to reverse the latter judgment. Upon the cause being brought here, the defendants in error entered a motion to dismiss the writ of error, on the ground the facts above stated do not bring the case within the provisions of the statute which authorize a writ of error from this to the Appellate Court, and at the request of counsel this motion was reserved for the final hearing.

This being an action *ex contractu,* and the amount in controversy over $1000, it is clear the case does not come within either of the limitations upon the right to maintain the writ found in the 8th section of the Appellate Court act, relating to the character of the action and the amount in controversy. The question then is, do the facts before us bring the judgment of the Appellate Court within either of the three classes of cases founded upon the character of judgment, contained in the 90th section of the Practice act? If so, the motion should be overruled, otherwise it should prevail. By that section the writ lies from this to the Appellate Court,—first, where the judgment of the latter court is "that the order, judgment or decree of the court below be affirmed;" second, where a final judgment or decree is rendered in the Appellate Court; and third, where the judgment, order or decree of the Appellate Court is such "that no further proceedings can be

had in the court below except to carry into effect the man-
date of the Appellate Court." It is evident the case in hand,
if properly here, must belong to one or the other of these
three classes, for the statute has provided for no others.

As the judgment of the court below was not *affirmed,* it is
hardly necessary to say the case does not come within the
first class. That is conceded. And to our minds it is equally
clear the case does not come within the second class, unless
we are prepared to say that the mere reversing and remand-
ing of a cause without directions, except such as might be
implied from the general principles of law laid down by the
reviewing court as applicable to the case, is, within the mean-
ing of the statute, the rendering of a final judgment in the
Appellate Court, and to do this would, in effect, be holding
that an appeal or writ of error lies in every case where it is
reversed and remanded for some alleged error of law which
counsel may suggest, materially, or even fatally, affects the
right of action or of defence, as the case may be. To hold
this would be to render meaningless and nugatory the very
words of the statute, which seem so clear and plain that no
room is left for construction. This we are not prepared to
do. We are equally clear the case does not come within the
third class. To say that the reversing of a cause for a sup-
posed error of law, and remanding it for further proceedings,
without any specific directions to the trial court, is the ren-
dering of such a judgment "that no further proceedings can
be had in the court below except to carry into effect the
mandate of the Appellate Court," is simply a legal solecism.
What mandate of the Appellate 'Court is the circuit court
required in this case to carry into effect? None whatever.
When the cause again comes before the circuit court both
parties will be permitted to amend and resettle their plead-
ings, if they desire, and shall be so advised. After the plead-
ings are settled the plaintiff will be entitled to a trial *de novo,*
just as though no trial had ever taken place. The case upon

such second trial may, if deemed best, and the facts proven will permit, be tried upon a totally different theory, either as to the law or facts, as both parties will be entitled to introduce new testimony, if they have it, and desire to do so. It is doubtless true, when the case comes up for trial again, if there has been no material change in the proofs the circuit court will make its rulings conform to the law as laid down by the Appellate Court. But that will be so in any case where that court reverses for some error of law, and remands without specific directions. In such cases, if the unsuccessful party can not so present his case as to obviate the objections interposed by the Appellate Court, and is of opinion the views of that court are wrong, as matter of law, he must proceed as he did before, taking exceptions when the court rules against him, until there is a final determination of the case. This is the course, and the only course, to be pursued, whereby he can place himself in a position to have the case reviewed in this court.

Counsel for plaintiffs in error, however, insist that this view of the case is in conflict with the rule laid down in *International Bank et al.* v. *Jenkins et al.* 104 Ill. 143. We do not concur in this conclusion. The facts of that case, as therein stated, are as follows: "The International Bank of Chicago obtained a decree in a proceeding to foreclose a mortgage against Samuel J. Walker in the circuit court of Cook county, on the 25th day of April, 1878. Walker was afterwards adjudged a bankrupt, and Jenkins appointed assignee. On the 21st of April, 1881, the assignee, Jenkins, sued out a writ of error from the Appellate Court to reverse the decree of foreclosure which had been rendered in the circuit court in 1878. The International Bank appeared in the Appellate Court and filed a plea of the United States Statute of Limitations in bar of the suit, under section 5057 of the Bankrupt act," which requires all actions, either for or against the assignee, to be brought within two years from the time the cause of action

accrues.    To this plea the assignee filed a demurrer, which the court sustained, and entered a judgment reversing the decree of the circuit court and remanding the cause.    The bank thereupon brought the record here by writ of error, and it was held by this court in that case,—first, that the writ of error from this to the Appellate Court was properly sued out; second, that the judgment of the Appellate Court in sustaining a demurrer to the plea was erroneous, and for that reason the same was reversed.    It is manifest that case is essentially unlike the one now under consideration.    Upon examination of the record in this case we find eight errors assigned on the Appellate Court record, every one of which relates directly or indirectly to the proceedings in the trial court.    On the circuit court record ten errors are assigned, all of which present questions of law, except the seventh and tenth, reviewable in this court, if the case were properly here, and all founded upon the rulings of the trial court.    In addition to this the record shows that four out of the five issues joined, as originally made up, are good in law, and not at all affected by the decision of the Appellate Court, and will stand ready for trial whenever the case is placed again upon the circuit court docket.

But counsel say, in effect, they do not rely on these issues,—that they rely alone upon the issue formed upon the fourth breach in the declaration.    If this be so, why did they not, when the evidence was all in, dismiss as to the other breaches, and thus show by the record what they now claim merely by way of argument?    Had this been done, there would be at least some consistency in the argument.    But this course was not pursued, and the statement of counsel in this respect is not in accord with the record.    By the record plaintiffs in error are asserting the right to recover under all five of the breaches, and their right to do so, if they can sustain them by proofs, is not questioned by the Appellate Court, except as to the fourth breach.    It is hardly necessary to say

that when counsel state one thing and the record asserts another, in acting judicially upon the issue thus made we must be governed by the record.

Looking, then, to the record as it is, we are unable to perceive upon what process of reasoning the conclusion is reached that the judgment of the Appellate Court is a final judgment in that court, or that it is such a judgment that nothing remains for the circuit court to do except to carry into effect the mandate of the Appellate Court, particularly as the record does not, as we have already seen, disclose a mandate from that court of any kind. For what is the case remanded? Manifestly, for a new trial on the merits upon the four good issues already formed, and such other issues as may be formed by reason of a repleader having been awarded.

But let us now see wherein the *International Bank case, supra,* differs from the one in hand. While the object of the writ of error in that case was the same as the appeal in this,—namely, to reverse the judgment of the trial court for certain errors assigned upon the record,—yet the defendant in error in the former case, by filing the plea of the Statute of Limitations, in legal effect admitted upon the record the existence of the errors complained of in the proceedings of the trial court. So that ended all controversy so far as the errors in question were concerned; and if that had been the only effect of the plea, a judgment of reversal would have followed as a matter of course. But such was not the case. The plea, while it, in legal effect, confessed the errors assigned, also set up an independent collateral fact that had no connection whatever with or relation to the proceedings in the trial court, as a reason or answer in law why the plaintiffs in error had no right to disturb the decree of the trial court, notwithstanding the confessed errors in the proceedings. The independent and collateral fact thus set up by the plea was, that the proceeding instituted for the purpose of reversing

the decree had not been commenced within two years from the date of the decree,—in other words, the plea set up the United States Statute of Limitations of two years. As the fact alleged in the plea was manifestly true, the defendants had no alternative but to concede it, and insist that the failure to sue out the writ of error within the two years did not, as matter of law, preclude them from suing it out afterwards, and this they did by filing a demurrer to the plea, which brought the parties to a single issue of law, namely, whether the assignee in bankruptcy had any legal right to sue out the writ of error after the lapse of two years from the date of the decree,—and this was the only and final question determined by the judgment in that case. As this question was one that was not in any manner involved in the case sought to be reversed—one that not only never had been, but that never could be, involved in it, let the question be decided as it might,—it followed, as a matter of course, the decision of it would be, and was, a final determination of it, so far as the Appellate Court was concerned,—or, in other words, it was, in the language of the statute, a final judgment in the Appellate Court; hence it was properly held a writ of error would lie from this to the Appellate Court, to review the judgment. Whether the limitation of two years presented a bar to the writ of error in that case, presented the only question decided by the Appellate Court in it, and hence the only one upon which the judgment was, or could have been, rendered. The judgment, therefore, as just stated, was, in the language of the statute, a final judgment of the Appellate Court. The present case is, in every substantial particular, wholly unlike that case, and consequently can not be controlled by it. Every question discussed in the opinion of the Appellate Court in this case, besides others involved in the issues but not discussed, will, upon another trial, in all probability, have to be passed upon by the trial court, and be again reviewed by the Appellate Court, and such is

almost universally the case where there is a reversal and re-manding of a cause for a trial *de novo*, as was the case here.

The case of *Johnson* v. *Humboldt Ins. Co.* 91 Ill. 92, is also referred to as sustaining the position of plaintiffs in error. It is sufficient to say, as to that case, that while it is true the appeal was entertained, yet no question as to the right to do so was either raised by counsel or passed upon by the court, and it is therefore clear it can not be regarded as an author-ity upon the question before us. The reference made to it in the *International Bank case, supra,* was merely *in arguendo,* and it was there distinctly stated that the right to entertain the appeal "was not raised by counsel or discussed in the opinion" in the *Johnson case,* and it is hardly necessary to say, that before any case can be regarded as an authority upon any question, the question must not only arise upon the record, but it must be passed upon and determined by the court. In short, none of the authorities cited by plain-tiffs in error sustain the position in question, and we feel no hesitancy in holding, for the reasons already stated, the writ of error in this case was improvidently sued out, and will therefore have to be dismissed, which is accordingly done.

*Writ of error dismissed.*