DAVID H. DICKINSON *et al.*

*v.*

CHARLES M. LININGTON.

*Opinion filed November 1, 1897.*

APPEALS AND ERRORS—*when the Appellate Court's judgment is not a final judgment.* A judgment of the Appellate Court which reverses a decree in chancery and remands the cause for further proceedings is not a final judgment, and cannot be reviewed by the Supreme Court either on appeal or error.

*Linington* v. *Dickinson,* 67 Ill. App. 266, writ of error dismissed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

OTIS H. WALDO, and WILSON, MOORE & MCILVAINE, for plaintiffs in error.

SMILEY & CLARK, (T. F. MCGARRY, of counsel,) for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Upon the hearing of this case in the Superior Court of Cook county, that court sustained the demurrers of the present plaintiffs in error to the amended bill of complaint, and dismissed the same for want of equity. An appeal was then taken to the Appellate Court. Looking into the record of the latter court, we find that it has entered a judgment, reversing the decree of the Superior Court, and remanding the cause for such other and further proceedings as to law and justice shall appertain. The judgment thus entered by the Appellate Court is not a final judgment. (*Buck* v. *County of Hamilton,* 99 Ill. 507; *Gade* v. *Forest Glen Brick Co.* 158 id. 39.) No appeal lies from

the Appellate Court to this court to review such a judgment; nor can the same be reviewed by a writ of error issued from this court to the Appellate Court. An order will accordingly be entered, dismissing the present writ of error.

*Writ dismissed.*