ALICE PARTRIDGE, Exrx.

*v.*

MARY S. STEVENS *et al.*

*Opinion filed October 19, 1900.*

187 | 383
192 | ¹158

187 | 383
197 | ²327

187 | 383
200 | ¹188

1. APPEALS AND ERRORS—*proviso to section 8 of Appellate Court act construed.* The proviso to section 8 of the Appellate Court act, that "in all actions where there was no trial of an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Court to the Supreme Court where the amount claimed in the pleadings exceeds $1000," merely authorizes resort to the pleadings in such actions to determine the amount involved in case of final judgment by the Appellate Court.

2. SAME—*appeal does not lie if Appellate Court's judgment is not final.* A judgment of the Appellate Court remanding the cause "for such other proceedings as to law and justice shall appertain" is not a final judgment, and no appeal lies therefrom notwithstanding the proviso to section 8 of the Appellate Court act.

*Stevens* v. *Partridge,* 88 Ill. App. 665, appeal dismissed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Effingham county; the Hon. S. L. DWIGHT, Judge, presiding.

R. C. HARRAH, S. F. GILMORE, and CALLAHAN & JONES, for appellant.

W. B. WRIGHT, WOOD BROS., and E. N. RHINEHART, for appellees.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This was an action in debt by appellees, against appellant. The trial court adjudged the declaration to be obnoxious to a demurrer and entered judgment against plaintiffs for costs. On appeal the Appellate Court for the Fourth District reversed the judgment of the circuit court, and ordered the cause be remanded "for such other

and further proceedings as to law and justice shall appertain." This is an appeal sought to be taken from said judgment of the Appellate Court.

The appeal must be dismissed, for the reason the judgment of the Appellate Court that the judgment of the circuit court be reversed and the cause be remanded for such other and further proceedings as to law and justice shall appertain is not a final, appealable judgment. *Buck* v. *Hamilton County*, 99 Ill. 507; *Anderson* v. *Fruitt*, 108 id. 378; *International Bank* v. *Jenkins*, 109 id. 219; *Chicago and Northwestern Railway Co.* v. *Andrews*, 148 id. 27; *Gade* v. *Forest Glen Brick and Tile Co.* 158 id. 39; *Dickinson* v. *Linington*, 168 id. 198.

There is no force in the suggestion the final proviso to section 8 of the act entitled "An act to establish Appellate Courts," approved June 2, 1877, (Hurd's Stat. 1899, par. 25, p. 525,) as amended by the act of June 6, 1887, confers the right of appeal from the judgment entered herein by the Appellate Court. Said proviso reads as follows: "*And provided further*, that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Court to the Supreme Court where the amount claimed in the pleadings exceeds $1000." The proviso was added to the section for the purpose of establishing the rule for determining whether the sum or amount involved was sufficient to entitle the party to prosecute an appeal in actions at law wherein the Appellate Court had entered final judgment but in which no trial had been had in the trial court on the issues of fact in such cases. Prior to the adoption of the proviso the amount claimed in the pleadings could not be considered in order to determine whether this court could entertain jurisdiction of a cause which had been finally disposed of in the Appellate Court. (*Piper* v. *Jacobson*, 98 Ill. 389.) The proviso under consideration served no other purpose than to authorize resort to be had to the pleadings in order to ascertain

the amount involved in the class of cases to which it applied, and to invest this court with jurisdiction of appeals from final judgments entered in the Appellate Court in such cases if the amount claimed in the pleadings exceeded $1000. It has no potency to authorize appeals from other than final judgments.

*Appeal dismissed.*