CALLAHAN & SON *et al.*

*v.*

JOHN BALL.

*Opinion filed June 19, 1902.*

1. APPEALS AND ERRORS—*what judgments of Appellate Court may be reviewed by Supreme Court.* Under section 90 of the Practice act the Supreme Court may review the judgments of the Appellate Court on appeal or error only when the order, judgment or decree of the lower court is affirmed, or where final judgment is rendered in the Appellate Court, or the judgment of that court is such that no further proceedings can be had in the trial court except to carry into effect the mandate of the Appellate Court.

2. SAME—*judgment reversing and remanding is not a final judgment.* A judgment of the Appellate Court reversing the judgment of the lower court and remanding the cause is not a final judgment, from which an appeal will lie to the Supreme Court.

3. SAME—*when judgment of Appellate Court is not subject to review.* Where a decree in a creditor's bill proceeding sets aside a deed as in fraud of creditors of the grantor and gives the complainants priority in their demands, a judgment of the Appellate Court reversing such judgment on the ground that the deed was a mortgage to secure an indebtedness to the grantee, and remanding the cause with directions to allow amendments to the pleadings, if desired, and to state an account between the parties to the deed, "and render such decree as will be consistent with the views expressed," is not such judgment as may be reviewed by the Supreme Court.

*Ball* v. *Callahan & Son,* 95 Ill. App. 615, appeal dismissed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

In this case a bill in chancery was filed in the circuit court of Montgomery county on March 24, 1899, by the appellants, Callahan & Son, against William W. Whitlow, John Ball, Daniel Pope and Thomas S. Edwards. The bill alleges that on February 2, 1899, Callahan & Son recovered a judgment against Whitlow for $306.90 and costs of suit; that an execution was issued upon said judgment and placed in the hands of the sheriff; that on

January 26, 1897, Whitlow was largely indebted in various amounts, and was then the owner in fee of about five hundred and sixty acres of land; that on said last named day Whitlow made a conveyance of said land to Ball for an expressed consideration of $33,600.00; that said conveyance was made for the purpose of defrauding Whitlow's creditors, and was without consideration; that said lands, except eighty acres thereof, are still held by said Ball, but in trust for Whitlow; that Ball, as a part of the fraudulent scheme to defraud the creditors of Whitlow, executed and delivered to Whitlow a bond for a deed of said lands, whereby Ball contracted to convey the lands to Whitlow on the payment of a promissory note for $9000.00, which Whitlow then executed and delivered to Ball; that said note was without any good or valuable consideration; that Ball at the same time caused Ball, Zimmerman & Co., a banking firm, of which he was a member, to issue to Whitlow a certificate of deposit for $9000.00; that Pope and Edwards now hold possession of said bond and certificate of deposit. The bill charges that said deed, bond, note and certificate of deposit were all fraudulent, and executed for the purpose of defrauding the creditors of Whitlow. The bill prays that, on a final hearing, said deed may be declared to be fraudulent and void as against Whitlow's creditors, and may be canceled, and that said bond for a deed, and certificate of deposit, and note for $9000.00 may be surrendered up for cancellation; and that the judgment of Callahan & Son may be decreed to be a lien upon the land, and that the sheriff may levy upon and sell the same by virtue of said judgment and execution, and that said lands may be sold to satisfy the same.

Subsequently, certain other creditors, to-wit, Daniel Pope, William Adams, Henry Weber, and others, filed an intervening petition, setting up the recovery of judgments by them and the issuance of executions thereon, making the same charges in their petition as to the fraud-

ulent character of the deed, bond, note and certificate of deposit as are made in the original bill, and asking that said instruments be set aside and canceled, in order that their executions may be levied upon said lands, and that the same may be sold to satisfy such judgments and executions.

The bill and petition were taken as confessed by Whitlow, but were answered by Ball. In his answer Ball denies that the instruments in question were fraudulent, or executed for a fraudulent purpose, but charges that Whitlow was largely indebted to him, Ball, for large sums of money before that time advanced to Whitlow, and that, being so largely indebted, Whitlow executed the deed to Ball in good faith to secure the money so loaned by Ball to Whitlow, and that, as a further consideration, it was recited in said deed as follows: "A part of said consideration is two mortgages executed by said grantors, on which there is now due to H. W. Wall and Alfred Browning $10,384.00, and also two certain mortgages to Rebecca Culp for $11,000.00;" that all of said considerations aggregated the consideration expressed in the deed. The answer further charges that, at the time of the execution of the deed by Whitlow to Ball, Ball made and delivered to Whitlow a bond for a deed, conditioned that, when the moneys Whitlow owed to Ball and all sums advanced by Ball to Whitlow, and all sums paid by Ball on said mortgages, were paid to him by Whitlow, then Whitlow was to have a conveyance to him by Ball of said premises, but, in default thereof, the conveyance was to become absolute; that Whitlow has never paid any part of the money so loaned to him and described in said bond for a deed. The answer denies that, in the execution of the deed or bond for a deed, there was any fraudulent design or purpose on the part of Ball, but avers that in all respects the deed and bond were made in good faith, and for the sole purpose of securing the indebtedness due from Whitlow to Ball.

The answer of Ball to the intervening petition further sets up that Whitlow was indebted to him in the sum of $1800.00 for money loaned to Whitlow, and that said deed was made for the purpose of securing said sum of $1800.00 and also an additional sum of $800.00 to be thereafter advanced by Ball to Whitlow. This answer also charges that, since the premises were conveyed to Ball, he has paid encumbrances against the same in the way of interest, taxes, redemption from tax sales, and foreclosure proceedings and judgments had thereunder, road taxes, and other sums of money advanced for Whitlow, about the sum of $9000.00, which, together with the encumbrances on said premises, amounting to $21,384.00, amount to as much as the value of the premises. This answer also sets up the execution and delivery by Ball to Whitlow of the bond for a deed, and at the same time the execution of a note for $9000.00 by Whitlow to Ball, etc.

The circuit court rendered a decree in accordance with the prayers of the bill and intervening petitions, and ordered that the deed, except as to the eighty-acre tract which was sold to one Specht, be set aside as against the complainants and the intervenors. The decree also ordered that Callahan & Son have a prior lien in their judgment over the judgments of the intervenors, and that the intervenors have a second lien upon the premises for the satisfaction of their judgments. The decree also ordered that the bond, certificate of deposit and note for $9000.00 be set aside and canceled.

An appeal was taken to the Appellate Court from the decree so rendered by the circuit court. Upon a hearing of the cause the Appellate Court rendered a judgment in the following words, to-wit: "It is considered by the court that for that error and others in the record and proceedings aforesaid, the decree of the circuit court in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed, and that this cause be remanded to the circuit court with directions to allow amendments

to the pleadings, if desired, and to state an account be-
tween Whitlow and Ball, and render such decree as will
be consistent with the views expressed in the opinion
filed herein."

By the opinion of the Appellate Court referred to in
their judgment, that court decided that the deed was a
mortgage, and that Ball was entitled to a first lien for
the use of his bank to secure its indebtedness, and also
to secure such further money as may have been advanced
by him.

The present appeal is prosecuted from the judgment
so rendered by the Appellate Court.

MILLER & MILLER, for appellants.

LANE & COOPER, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion
of the court:

A motion has been made in this cause by the appellee
to dismiss the appeal, upon the ground that the judgment
rendered by the Appellate Court was not a final judgment.
This motion has been reserved to the hearing of the
cause, and will now be disposed of.

By the terms of section 90 of the Practice act, a case
can only be brought by appeal, or writ of error, from the
Appellate Court to the Supreme Court in three cases:
First, where the judgment of the Appellate Court is
"that the order, judgment or decree of the court below
be affirmed;" second, where a final judgment or decree is
rendered in the Appellate Court; and third, where the
judgment order or decree of the Appellate Court is such,
"that no further proceedings can be had in the court be-
low except to carry into effect the mandate of the Appel-
late Court." If the present appeal is properly prosecuted
to this court, the case in hand must belong to one or the
other of these three classes, inasmuch as the statute has
provided for no other classes.

Certainly, the judgment of the Appellate Court does not affirm the decree of the circuit court, and, therefore, does not come within the first class. It is equally clear, that the judgment of the Appellate Court does not come within the second or third class, because it is not a final judgment, nor such a judgment that no further proceedings can be had in the circuit court except to carry into effect the mandate of the Appellate Court. A judgment is said to be final when it terminates the litigation between the parties on the merits of the case, so that, when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it had already entered. (*Chicago and Northwestern Railway Co.* v. *City of Chicago*, 148 Ill. 141; *Gade* v. *Forest Glen Brick Co.* 158 id. 39). In the case at bar, the judgment of the Appellate Court reverses the cause and remands it to the circuit court, with directions to allow amendments to the pleadings if desired, and to state an account between Whitlow and Ball, and render such a decree as will be consistent with the holding, that the deed in question was a mortgage to secure an indebtedness to Ball, the grantee therein. We have held that, where the judgment of the circuit court is reversed and the cause is remanded, no appeal lies from the Appellate Court to the Supreme Court, as such judgment is in no sense final. (*Buck* v. *County of Hamilton*, 99 Ill. 507; *Gade* v. *Forest Glen Brick Co. supra*). The judgment of the Appellate Court in the present case reverses and remands the cause. Nor can it be said that the judgment of the Appellate Court here is such, that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court.

The bill, filed in the circuit court, not only prayed that the deed, executed by Whitlow to Ball, be set aside and canceled, but also that the bond for a deed, executed at the same time when the deed was executed, and the

note for $9000.00 mentioned in that bond, be set aside
and canceled. The answers filed below to the bill, and
to the intervening petition, expressly stated that the
deed from Whitlow to Ball, and the bond, executed back
by Ball to Whitlow, constituted a mortgage for the se-
curity of an indebtedness, which existed from Whitlow
to Ball and to the banking company of which Ball was
a member. The issue, therefore, made by the pleadings
below was not merely an issue as to the fraudulent char-
acter of the deed, but was also an issue as to the exist-
ence of an indebtedness from Whitlow to Ball that was
secured by the deed and bond. It is often a serious ques-
tion, whether a deed, and a bond for a deed executed by
the grantee therein simultaneously with the deed, con-
stitute a sale and re-sale, or merely a mortgage to secure
an indebtedness. Here, the Appellate Court held that
the deed and bond, executed at the same time, consti-
tuted a mortgage to secure a *bona fide* indebtedness from
Whitlow to Ball. The judgment of the Appellate Court
reversed the decree of the circuit court, and remanded
the cause, in order that an account might be stated be-
tween Whitlow and Ball, so as to determine the amount
of the indebtedness from Whitlow to Ball. This account-
ing was necessary, because the bill below prayed that
the property might be sold under the execution in order
to pay the judgment of the complainants therein, and the
intervening petition prayed for a sale of the land, in or-
der that thereby the judgments of the intervenors might
be paid from the proceeds of such sale. Inasmuch as
the indebtedness of Whitlow to Ball was held to be a
prior lien upon the premises, it was necessary to ascer-
tain that indebtedness by an accounting, in order to
determine what surplus there would be for the payment
of the judgments set up in the bill and the intervening
petition. It is true, that no cross-bill was filed by Ball,
asking for a foreclosure of his mortgage and the ascer-
tainment of the amount due him by an accounting. But,

under the circumstances, this was not necessary. Where, under a bill to foreclose a mortgage, a subsequent mortgagee is made a party defendant, it is not necessary for such subsequent mortgagee to file a cross-bill. (*Armstrong v. Warrington*, 111 Ill. 431). Where a second mortgagee files a bill to foreclose, it is not necessary to make the holder of a prior mortgage a party defendant, but such prior encumbrancer, while not a necessary, is a proper party to the foreclosure suit; and where such prior mortgagee is a party, and all the holders of the different liens are before the court, the court will render a decree providing for payment in the order of priority. (9 Ency. of Pl. & Pr. pp. 327-331). Here, the four hundred and eighty acres of land in controversy were subject to mortgages, amounting to more than $21,000.00. Ball, held by the Appellate Court to be entitled to a prior lien to secure his indebtedness, was a party to the proceeding, and the present appellants as judgment creditors seeking to subject Whitlow's equity of redemption to the payment of their judgments, were also parties. Under the circumstances it was proper and necessary, that the amount due to Ball from Whitlow should be ascertained. If the judgment rendered by the Appellate Court in the present case is a final judgment, then an order in a foreclosure suit, referring the cause to a master in chancery to ascertain the amount due upon the mortgage, is a final judgment. Here, under the holding of the Appellate Court, it could not be determined how much of the proceeds of the sale of the property, the sale of which was asked for by the complainants below and the intervening petitioners, should be appropriated to the payment of their judgments, until it was ascertained by an accounting how much of the proceeds of the sale should first be paid to Ball and to the bank, of which he was a partner or member. The question here is not whether the Appellate Court decided correctly in holding that the deed and bond for a deed together constituted a mortgage; and we pass

no opinion upon this question. The only question, involved in the present motion to dismiss the appeal, is as to the character of the judgment, rendered by the Appellate Court, in respect to its being a final judgment, and in no way relates to the correctness of that judgment.

In *Gade* v. *Forest Glen Brick Co. supra,* the Appellate Court affirmed a decree, winding up an insolvent corporation under section 25 of the Corporation act, except as to certain priorities and the validity of an attempted reduction of capital stock, in which latter respect the decree was reversed, with leave to amend the bill and fix stock liabilities on a different basis; and such judgment was there held not to be appealable to this court under section 90 of the Practice act, as being neither a simple affirmance, a final decree, a final judgment, nor a judgment which admitted no further proceedings. In that case, also, it was held that, where the particular mode of executing the decree of the court below is made by the judgment of the Appellate Court to depend upon the exercise of an option by the complainants in the lower court, the cause must go back to the lower court, because it is there only that the option so conferred can be exercised, and hence that the judgment is not of such a character that it can be brought to this court by appeal or writ of error. So, in the case at bar, the Appellate Court reverses the judgment, and remands the cause to the court below with directions to allow amendments to the pleadings, if desired. This language gives to the parties in the court below an option whether they shall amend their pleadings or not. That option can only be exercised in the circuit court. The proof tended to show, that Ball had paid certain portions of the mortgages, existing upon the four hundred and eighty acres of ground conveyed to him, and the amendments, referred to in the judgment of the Appellate Court, are amendments asking for a subrogation to the rights of the mortgagees, upon whose mortgages such payments were made.

Without analyzing and stating the facts in all the decisions of this court upon this subject, we content ourselves with stating that the judgment of the Appellate Court in this case is not such a judgment, under the provisions of section 90 of the Practice act, as warrants an appeal therefrom to this court, as will be seen by reference to the following cases, to-wit:   *Gade* v. *Forest Glen Brick Co. supra; Dreyer* v. *Goldy,* 171 Ill. 434; *Knapp, Stout & Co.* v. *Ross,* 181 id. 392; *Dickinson* v. *Linington,* 168 id. 198; *Partridge* v. *Stevens,* 187 id. 383; *Henning* v. *Eldridge,* 146 id. 305; *Fanning* v. *Rogerson,* 142 id. 478; *Amberg* v. *Bartlett,* 190 id. 15; *International Bank* v. *Jenkins,* 109 id. 219; *Ball* v. *Schaffer,* 112 id. 341; *Buck* v. *County of Hamilton,* 99 id. 507; *Anderson* v. *Fruitt,* 108 id. 378; *Trustees of Schools* v. *Potter,* 108 id. 433; *Green* v. *City of Springfield,* 130 id. 515; *City of Paxton* v. *Bogardus,* 188 id. 72; *McMahon* v. *Quinn,* 140 id. 199; *Bucklen* v. *City of Chicago,* 166 id. 451.

Hence, this appeal has been improperly brought from the Appellate Court to this court for the purpose of reviewing such judgment.   An order will, accordingly, be entered dismissing the present appeal.

*Appeal dismissed.*