H. W. RILEY, Respondent, *vs.* L. J. LAMSON *et al.*
Petitioners.

*Decision announced orally February 22, 1912.*

1. PRACTICE—*Supreme Court can only review final judgments of the Appellate Court.* Only those judgments of the Appellate Court which are final are subject to review by the Supreme Court under section 121 of the Practice act.

2. SAME—*judgment reversing and remanding is not final judgment.* A judgment of the Appellate Court reversing the judgment of the trial court and remanding the cause for a new trial is not a final judgment which the Supreme Court may review, even though it may settle one issue in the case so far as the trial court and the Appellate Court are concerned, if there are other issues to be determined on the new trial. (*International Bank* v. *Jenkins,* 104 Ill. 143, and *Mitchell* v. *King,* 187 id. 452, distinguished.)

PETITION for writ of *certiorari.*

HENRY I. GREEN, and MOSES, ROSENTHAL & KENNEDY, (JOSEPH W. MOSES, and WALTER BACHRACH, of counsel,) for petitioners.

LEFORGEE, VAIL & MILLER, for respondent.

Mr. JUSTICE DUNN announced the decision of the court:

The respondent sued the petitioners and S. L. Rufty in the circuit court of Champaign county in an action of assumpsit for goods sold, money lent and money lost in gambling on the future prices of grain. Summons was served on Rufty in Champaign county and on the petitioners in Cook county. The suit was dismissed as to Rufty and an amended declaration filed against the petitioners, only. Thereupon the petitioners, who resided in Cook county, objected to the jurisdiction of the court to proceed against them. The court overruled their objections and after a trial rendered a judgment against them for

$6802.55 and costs. The petitioners appealed to the Appellate Court for the Third District, assigning for error various rulings of the court made during the progress of the cause and on the trial, as well as its action in retaining jurisdiction of the cause after the dismissal as to Rufty. They sought to have the judgment reversed without a remandment of the cause, for the alleged lack of jurisdiction of the circuit court. The Appellate Court reversed the judgment and remanded the cause for a new trial. The petitioners now seek to have the record of the Appellate Court certified to us for review.

We can only review the final judgments of the Appellate Court. A judgment of reversal remanding a cause for a new trial is not appealable. (*Partridge v. Stevens,* 187 Ill. 383; *Callahan & Son v. Ball,* 197 id. 318.) It is suggested in the petition that the controlling issue presented by the errors assigned in the Appellate Court related to the jurisdiction of the trial court to take cognizance of the action and that the judgment of the Appellate Court has finally determined that issue adversely to the petitioners, so that the trial court can do nothing but follow the mandate of the Appellate Court. That was, however, but one of several issues in the Appellate Court. The other issues may yet determine the litigation in the petitioners' favor. The petitioners, by assigning error on the decision of the jurisdictional question alone, might have had a final judgment in the Appellate Court, but they did not choose to do so. In *International Bank v. Jenkins,* 104 Ill. 143, a single issue was presented to the Appellate Court by a plea of the Statute of Limitations to the writ of error, and a judgment of reversal on sustaining a demurrer to the plea was held to be final. It was a final determination of the only question litigated in the Appellate Court; but it was clearly shown in *Trustees of Schools v. Potter,* 108 Ill. 433, distinguishing the case of *International Bank v. Jenkins,* that a judgment of reversal upon one of several issues presented

in the Appellate Court, remanding the cause for a new trial, is not a final judgment.

*Mitchell* v. *King*, 187 Ill. 452, is also relied on by the petitioners. In that case a motion was made in the circuit court to vacate a judgment by default because the summons was issued after the death of the plaintiff. The motion was denied, but the Appellate Court reversed the judgment and remanded the cause, with directions to vacate the judgment. This was held to be a final and appealable judgment. It finally settled the only issue, and that issue could never again be litigated in any court. The present case is entirely different. One question, that of the jurisdiction of the petitioners' persons, has been settled so far as the circuit court and Appellate Court are concerned, but other issues remain undetermined and judgment may never be rendered against the petitioners.

The petition is denied.                    *Petition denied.*