THE PEOPLE *ex rel.* The City Council of Chicago, Appellee, *vs.* THE BOARD OF EDUCATION, Appellant.

*Opinion filed October 24, 1916.*

1. APPEALS AND ERRORS—*when judgment of Appellate Court is not final.* A judgment of the Appellate Court reversing a judgment and remanding the cause to the circuit court, with directions to overrule the demurrer to an amended petition for *mandamus,* is not a final judgment, and the Appellate Court should not allow an appeal and grant a certificate of importance. (*People* v. *Brown,* 272 Ill. 146, followed.)

2. SAME—*general rule as to when judgment of Appellate Court is not final.* A judgment of the Appellate Court reversing a judgment of a lower court and remanding the cause in such a manner that new issues may be formed and a trial had upon the merits in the lower court is not a final judgment.

3. SAME—*the Supreme Court can review only final judgments.* The statute providing for the review by the Supreme Court of judgments of the Appellate Court contemplates that those judgments, only, shall be reviewed which finally dispose of the merits of the case in such a manner that no further proceedings can be had in the lower court except to carry into effect the mandate of the Appellate Court.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

ANGUS ROY SHANNON, (CHAUNCEY M. MILLAR, and JOHN E. FOSTER, of counsel,) for appellant.

DONALD R. RICHBERG, for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Appellee, the city council of the city of Chicago, filed its petition for *mandamus* in the circuit court of Cook county to compel appellant, the board of education of the city of Chicago, to allow appellee, or its duly authorized commit-

tee· or sub-committee or its employees, full and complete access to all books showing the receipt and expenditure of money by such board of education. The petition is voluminous and sets ·forth in detail various provisions of the charters of the city of Chicago, and several᾿resolutions adopted by the city council of the city of Chicago and by the board of education of such city with respect to the matters in controversy. A general demurrer was filed to the petition and sustained by the lower court. The petition was then amended and a demurrer was sustained to the amended petition. Appellee elected to abide by its petition and the same was dismissed by the court. It then prosecuted its appeal to the Appellate Court for the First District, which reversed the judgment of the lower court and remanded the cause to the circuit court, with directions to overrule the demurrer to the amended petition and for further proceedings not inconsistent with the opinion. On the application of appellant a certificate of importance was granted, and this appeal was allowed and perfected to this court.

The question first arises as to whether or not the judgment of the Appellate Court which has been appealed from is such a final judgment as can be reviewed by this court on appeal or writ of *certiorari.* The statute providing for review of the judgments, orders and decrees of the Appellate Court by the Supreme Court contemplates that only final judgments, orders or decrees of the Appellate Court shall be reviewed by this court. (*Riley* v. *Lamson,* 253 Ill. 258.) By this is meant such a judgment, order or decree as finally disposes of the merits of the case in such manner that no further proceedings can be had in the lower court except to carry into effect the mandate of the Appellate Court. (*Amberg* v. *Bartlett,* 190 Ill. 15; *Knapp, Stout & Co.* v. *Ross,* 181 id. 392; *Bingham* v. *Isham,* 227 id. 634; *People* v. *Brown,* 272 id. 146.) Where the judgment is reversed and the cause is remanded generally or for further proceedings in the lower court in accordance with the views

expressed in the opinion of the Appellate Court, and the cause is left in such shape that new issues may be formed in the lower court and a new trial had on such issues, the judgment of the Appellate Court in such case reversing the judgment of the lower court and remanding the cause is not such a final judgment that an appeal may be prosecuted therefrom to this court. (*Bingham* v. *Isham, supra; People* v. *Brown, supra.*) In the latter case we held that a judgment of the Appellate Court reversing the judgment of the lower court and remanding the cause, with directions to overrule a demurrer to the declaration and for further proceedings in the lower court, was not such a final judgment that an appeal therefrom might be prosecuted to this court. It was there said: "The judgment of the circuit court was reversed by the Appellate Court and the cause remanded to the circuit court, 'with directions to overrule the demurrer and for such other and further proceedings as to law and justice shall appertain.' That was not a final judgment. On the re-instatement of the cause in the circuit court defendants had a right to plead to the declaration and have the case tried on its merits. The certificate of importance was improperly granted.—*Buck* v. *County of Hamilton,* 99 Ill. 507; *Partridge* v. *Stevens,* 187 id. 383."

The decision in the *Brown case* is controlling here. While the decision of the Appellate Court in this case settles the questions of law involved in so far as they are presented by the facts alleged in the petition and admitted by the demurrer, it does not necessarily follow that such decision has finally disposed of the case on its merits. When the case is re-docketed in the lower court pursuant to the mandate of the Appellate Court appellant will have the right to answer the petition, traversing its allegations or setting up new matter in avoidance of the same, and to a trial in that court upon any controverted questions of fact which may arise upon the issues thus formed by the pleadings. The judgment of the Appellate Court reversing the judg-

ment of the lower court and remanding the cause in such manner that new issues may be formed and a trial had upon the merits in the lower court is not such a final judgment of the Appellate Court that the same may be reviewed by this court.

The appeal was improvidently granted and must be dismissed.

*Appeal dismissed.*