(No. 28245.—

Benjamin B. Morris, Appellee, *vs.* Robert S. Beatty *et al.*—(Chicago City Bank & Trust Co., Appellant.)

*Opinion filed May 23, 1945—Rehearing denied September 13, 1945.*

FRANKLIN J. STRANSKY, and RATHJE, HINCKLEY, KULP & SABEL, (JOSEPH J. SULLIVAN, JR., and CHESTER. W. KULP, of counsel,) all of Chicago, for appellant.

DAVID I. SPARK, of Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This case comes to this court from the Appellate Court pursuant to the granting of a petition for leave to appeal. The action is a garnishment proceeding which was started in the municipal court of Chicago.

The facts are not in dispute. In February, 1935, Benjamin B. Morris, herein referred to as plaintiff, obtained a judgment by confession in said municipal court against Robert S. Beatty and Myrtle G. Beatty for $2457.93, and costs. After an execution was duly returned "no property found" a garnishee summons was issued and served on Chicago City Bank and Trust Co., designated herein as the garnishee. Interrogatories in the usual form were filed, and on November 29, 1935, the garnishee filed its sworn answer. It was disclosed by the answer that Robert S. Beatty carried an account in the garnishee's bank which contained a balance of $82.35, that he also owed the bank on a note the sum of $3100 and that said balance in the account had been applied on the indebtedness due on said note. The answer stated that the garnishee had "a con-

tract for the rental of a certain safety deposit box to Robert S. Beatty and Myrtle G. Beatty, that it has no control over the contents of said box." The answer concluded with the usual allegation that it had no other rights, credits, choses in action, effects, estate, property or money in its possession belonging to either of the Beattys.

On November 26, three days before the garnishee's answer was filed, an order was entered staying all proceedings until further order of court. Following the filing of the garnishee's answer the matter was delayed by reason of a bankruptcy and reorganization proceeding in the Federal district court. It appears that the bonds or obligations upon which plaintiff obtained judgment against the Beattys were in some way involved in such reorganization proceedings. During the pendency of the Federal proceeding, plaintiff was enjoined by order of that court from enforcing his judgment. Such stay order continued in effect until March 13, 1942, when it was dissolved.

On May 19, 1942, the garnishee filed a motion in the municipal court to be discharged. Five reasons were set forth in support of such motion, but due to the course which the cause took thereafter it is not necessary to comment on such grounds. The day the garnishee's motion to be discharged was filed, plaintiff made an oral motion to vacate the order of November 26, 1935. At the same time, plaintiff moved that a rule be entered on the garnishee to produce bank records and matters pertaining to the account of Robert S. Beatty, and papers in reference to the leasing of a safety-deposit box from the garnishee. All motions were ordered entered and continued, but the garnishee was ruled to file a petition in support of its motion within five days.

The garnishee filed its petition in accordance with the requirement of said rule and set forth various grounds in support thereof. The gist of the petition was that plaintiff was bound by the reorganization proceedings in the

Federal court and that by reason of his participation therein, the pendency of such proceedings in the United States Circuit Court of Appeals and other matters, the order of the municipal court of November 26, 1935, should not be vacated. Plaintiff filed an answer to such petition, and for purposes here it may be stated that he joined issue on the facts alleged therein. Thereafter an order was entered which directed the garnishee to produce at the trial on the contest of the garnishee's answer all records, papers, documents, books and other writings of whatever kind or nature in its possession, custody or control, relating to the safety-deposit box or boxes, or to any account or accounts in the name of either of the Beattys. On March 30, 1943, evidence was heard and judgment entered discharging the garnishee. Plaintiff appealed to the Appellate Court where the judgment of the trial court was reversed and the cause remanded with directions to enter judgment against the garnishee. This appeal followed.

Plaintiff's motion to dismiss this appeal was taken with the case. In support thereof it is urged that the judgment of the Appellate Court is not final or appealable, that there is no certificate showing that the jurisdictional amount is involved and that the garnishee's petition for leave to appeal does not comply with Rule 32.

The judgment of the trial court appealed from discharged the garnishee. The Appellate Court reversed such judgment and remanded the cause with directions that a judgment be entered against the garnishee "for the amount of the judgment of plaintiff against defendants Robert S. Beatty and Myrtle G. Beatty." As previously stated, the judgment against the Beattys was for $2457.93.

Plaintiff recognizes that there are decisions of this court which hold that a judgment of the Appellate Court which reverses a judgment or decree of the trial court and remands with directions, so that there is nothing for the trial court to do except execute the mandate, is a final

appealable judgment which may be reviewed in the Supreme Court, but it is argued that the provisions of the Civil Practice Act which regulate the review of Appellate Court judgments by the Supreme Court have changed the former practice so that decisions rendered under the former act are no longer controlling.

A brief review of the statutes which regulate the review of Appellate Court judgments by the Supreme Court and some of the decisions thereunder is necessary. The act of 1877 provided that the Supreme Court might review judgments of the Appellate Court in certain classes of cases, if the judgment of the Appellate Court (a) affirmed the judgment or decree of the trial court, or (b) if final judgment was entered by the Appellate Court, or (c) if the judgment of the Appellate Court "be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the appellate court." This act continued in force in substantially the same language until the Practice Act of 1907 was adopted. (Hurd's Ill. Rev. Stat. 1906, chap. 110, sec. 90.) During such period this court in many cases held that a judgment of the Appellate Court which reversed and remanded a cause generally was not a final appealable judgment. (*Buck* v. *County of Hamilton,* 99 Ill. 507; *Anderson* v. *Fruitt,* 108 Ill. 378; *Trustees of Schools* v. *Potter,* 108 Ill. 433, and other cases.) During the same period it was held that a judgment of the Appellate Court which reversed a judgment or decree of the trial court and remanded the cause with specific directions, so that nothing remained to be done by the trial court except to execute the mandate, such a judgment was final and appealable. (*Joliet and Chicago Railroad Co.* v. *Healy,* 94 Ill. 416.) Many of the cases referred to the language of the statute in determining the character of a judgment that was subject to review. (*Callahan & Son* v. *Ball,* 197 Ill. 318.) Frequent reference was

also made in the cases to section 8 of the Appellate Court Act. Hurd's Ill. Rev. Stat. 1906, chap. 37, par. 25.

The Practice Act of 1907 and the amendments of 1909 repealed both that part of section 8 of the Appellate Court Act, which has been referred to, and section 90 of the former Practice Act. (*Lansingh* v. *Dempster,* 255 Ill. 161.) Said section contained provisions like the former act as to the character of the judgment which might be reviewed by the Supreme Court. Such section was amended in 1909 and the provisions as to the kind of judgments that were reviewable in the Supreme Court were omitted. In *Lansingh* v. *Dempster,* 255 Ill. 161, it was held that the Practice Act of 1907 and the amendment of 1909 repealed both that part of section 8 of the Appellate Court Act which was inconsistent with the provisions of the Practice Act and section 90 of the former Practice Act, and that the whole subject of appeals from the Appellate to the Supreme Court was covered by section 121 of the Practice Act. Section 121, as amended in 1909, made due exception for those judgments or decrees of the Appellate Court which were subject to review by the Supreme Court under constitutional requirements, and then provided that in all cases the judgments or decrees of the Appellate Courts should be final, subject, however, to the right of review (1) where a majority of the judges of the Appellate Court were of the opinion that the case, regardless of the amount involved, contained a question of such importance that it should be passed upon by the Supreme Court, and (2) "such case as is hereinbefore made final in the said Appellate Courts it shall be competent for the Supreme Court to require, by *certiorari* or otherwise," the cause be certified to the Supreme Court for review. It will be noted that although the statute contains no express provision as to the character of the judgment of the Appellate Court that may be reviewed by the Supreme Court, yet it is implied

that such review shall be limited to those judgments or decrees which are final. In *People ex rel. City Council* v. *Board of Education,* 275 Ill. 195, it was held that the statute which provided for a review of the judgments, orders or decrees of the Appellate Court by the Supreme Court contemplated that only final judgments, orders or decrees of the Appellate Court should be reviewed by this court. Since the act has been construed as limiting review to final judgments, it follows that the omission of the provisions contained in the former act and from the amendatory act of 1909 is of no consequence, for the reason that what is a final judgment is a question for the courts rather than the legislature.

It has been consistently held under the 1907 act, and the amendment of 1909, that the only judgments of the Appellate Court that were subject to review in the Supreme Court were those that were final in the sense that they fully decided and disposed of the rights of the parties to the cause. In the application of such principle it has uniformly been held that a judgment of the Appellate Court which reversed a judgment or decree of the court below and remanded it generally was not a final judgment (*Stripe* v. *Yager,* 348 Ill. 362; *Wolkau* v. *Wolkau,* 280 Ill. 298;) and it was held under such act that a judgment of the Appellate Court which reversed a judgment or decree of the trial court and remanded the cause with directions, so that there was nothing to be done in the trial court except to execute the mandate, was a final and appealable judgment. *Tribune Co.* v. *Emery Motor Livery Co.* 338 Ill. 537.

An examination of paragraph (2) of section 75 of the Civil Practice Act (Ill. Rev. Stat. 1943, chap. 110, par. 199,) discloses that as to the part under consideration here it is the same as section 121 of the former Practice Act as amended in 1909. The construction and application given the earlier act is applicable to the present act. Plaintiff's contention that there is a difference between the two

acts·is without merit. Judgments, orders or decrees of the Appellate Court which are reviewable in this court are limited to those which are final as determined by the decisions under the prior act. The judgment of the Appellate Court which reversed the judgment of the trial court and remanded the cause with directions to enter judgment against the garnishee for a fixed amount left nothing for the trial court to determine. The parties could not take any further action in the trial court except such as was necessary to carry the mandate into effect. Applying the principles announced in the many decisions of this court decided under the various statutes, the judgment of the Appellate Court in this case was final and appealable.

The contention that the appeal should be dismissed for failure to file a certificate showing the jurisdictional amount to be involved cannot be sustained. The proviso to section 75 of the Civil Practice Act directs that the Supreme Court may not entertain a petition for leave to appeal under subdivisions 2(b) and 2(c) of section 75 in actions *ex contractu* (exclusive of actions involving a penalty) and in all cases sounding in damages, unless the judgment, exclusive of costs, is for $1500 or more, or in cases in which the judgment is against the plaintiff and the petition is accompanied by a certificate of the Appellate Court judges certifying that there is fairly involved in the claim of plaintiff $1500 or more. The judgment of the Appellate Court in this case was favorable to the plaintiff, and the Appellate Court determined the amount for which the judgment should be rendered but remanded the cause with directions to the trial court to enter such judgment. This is a final judgment from which an appeal may be taken, and is in effect a judgment for the plaintiff for $2457.93. Under such circumstances, no certificate as to the jurisdictional amount was necessary.

Plaintiff's final contention is that the petition for leave to appeal does not comply with Rule 32. The petition in-

cludes a copy of the opinion of the Appellate Court, a statement of facts supplementing the facts stated in the opinion, points and authorities, and suggestions in support of the granting of the petition. This is a substantial compliance with the rule. Plaintiff's motion to dismiss the appeal is denied.

As heretofore noted, the garnishee's answer showed that it had a balance of $82.35 in an account which Robert S. Beatty had with it and it had a contract for rental of a safety-deposit box to the Beattys. The answer contained the further allegation that the garnishee had no control over the contents of the box. If plaintiff doubted the truthfulness of such allegations or questioned the answer, he had the right under section 7 of the Garnishment Act (Ill. Rev. Stat. 1943, chap. 62, par. 7,) to traverse the truthfulness of such statements. The section provides that when the plaintiff in any garnishment proceedings shall allege that any garnishee has not made a full, true and complete answer as to the property and effects of the debtor which he holds, or of the value thereof, the court shall proceed to try such cause against the garnishee without the formality of pleadings and that such hearing shall be conducted as other civil cases. The record in this case does not disclose that plaintiff made any allegation challenging the garnishee's answer or any part thereof. The order of court which plaintiff obtained directing the garnishee to produce its books and records was not the equivalent of a challenge to the contents of the answer.

In the absence of an allegation of plaintiff questioning the garnishee's answer, the statement in the answer that the garnishee had a contract for rental of a safety-deposit box and that it had no control over the contents of the box must be accepted as true. (*Payne* v. *Chicago, Rock Island and Pacific Railway Co.* 170 Ill. 607; *Illinois Central Railroad Co.* v. *Cobb,* 48 Ill. 402; *Ancateau* v. *Commercial Casualty Ins. Co.* 318 Ill. App. 553; *Manowsky*

v. *Conroy,* 33 Ill. App. 141.) If it be considered, as the Appellate Court concluded, that the garnishee waived the necessity of a traverse to its answer, it will be found that the evidence does not aid plaintiff. The only evidence offered by plaintiff relative to the safety-deposit box was three pass slips which Beatty had signed at the request of the bank, showing that he had access to the box on December 11, 1935, November 17 and December 31, 1936, all of which were subsequent to the service of the garnishee's summons. Such evidence does not contradict the statement in the garnishee's answer that it had no control over the contents of the box. If plaintiff desired to question the truthfulness of such statement, then, aside from the necessity of complying with the statute and making the necessary allegation, he should have offered evidence to refute the statement. The fact that the garnishee permitted Beatty to open the box after the garnishee's summons was served raises no inference refuting the truth of the statement in its answer that it had no control over the box, and raises no presumption that the box contained property or effects belonging to Beatty which should be applied to the satisfaction of Beatty's debts and that they were of sufficient value to satisfy plaintiff's judgment in full. As to the necessity of plaintiff in a garnishment proceeding making proof of the value of the contents of a safety-deposit box held by the garnishee, see *Framheim* v. *Miller,* 241 Ill. App. 328.

Plaintiff refers to section 25 of the Garnishment Act which provides for a contempt proceeding against a garnishee who refuses or neglects to deliver property of the debtor. This is not that kind of case. It does not appear that the garnishee ever refused or neglected to deliver any property or effects which it had that belonged to Beatty or that it refused to comply with the court order to have its books, papers and records at the trial of the case. The point is raised on behalf of garnishee, and cases are cited

by both parties on the question, as to whether a safety-deposit box may be a subject of garnishment. Under the facts of this case, it is not necessary to pass upon such question.

The judgment of the Appellate Court is reversed and the judgment of the municipal court is affirmed.

*Appellate Court reversed;*
*municipal court affirmed.*