ENGLEWOOD CONNECTING RAILWAY COMPANY

*v.*

THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY.

*Filed at Ottawa May 15, 1886.*

1. EMINENT DOMAIN—*parties—in proceeding to condemn right of way across the track of another railroad—as to a lessee of the latter road.* Where one railroad company gives another one a lease of a portion of its track, between a certain place and its terminus, but reserves its franchise and the right to exercise its corporate powers and the "general control, management and supervision of the main line of the track, * * * and the full and sole control and direction of the management, use, location, improvement and repair of the same," etc., the lessee company will not have such an interest in the line of the road leased as to make it a necessary party to a proceeding by another railroad company for the condemnation of a right of way across the track of the lessor company.

2. APPEAL—*final judgment in the Appellate Court—what so considered.* A suit in chancery, seeking an injunction, only, was heard on bill, answer and exhibits, and the injunction dissolved and the bill dismissed, and on appeal the Appellate Court reversed the order and decree of the circuit court, holding that the complainant was entitled to the relief sought, and remanded the cause: *Held,* that the judgment of the Appellate Court being so far final that nothing remained to be done in the circuit court but to enter a decree in accordance with the decision of the Appellate Court, an appeal or writ of error would lie to review the same.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Messrs. WILLARD & DRIGGS, Mr. R. BIDDLE ROBERTS, and Mr. F. J. LOESCH, for the plaintiff in error, after quoting from the lease between the companies, contended that defendant in error had no such interest in the track as to make it a necessary party to the condemnation proceeding.

The only remedy sought being an injunction, the judgment of the Appellate Court, reversing the order dismissing the bill and remanding the cause, left the court below nothing to do but to make the injunction perpetual. Chap. 110, sec. 90; *Peck* v. *Herrington*, 104 Ill. 88; *Chalcraft* v. *Railroad Co.* 113 id. 86; *International Bank* v. *Jenkins*, 104 id. 143.

Mr. WILLIAM ARMSTRONG, for the defendant in error:

The statute in force at the time, required the petitioner to file a petition for condemnation, setting forth therein "the names of all persons interested therein, as owners or otherwise, as appearing of record," among other things. The filing of a petition, giving the names of persons interested, would make them defendants, and they could only be brought before the court by the service of summons, or publication of the required notice.

The question presented is, whether or not the lease and supplemental lease gave plaintiff in error an interest in the premises, as owner or otherwise. Under this lease, we hold the exclusive right to some property, while as to other property we operate in conjunction with other railroad companies. It can not be said we have no "interest, as owners or otherwise."

No one can be deprived of his rights without having notice and an opportunity of being heard. *Railroad Co.* v. *Smith*, 78 Ill. 96; *Bowman* v. *Railway Co.* 102 id. 459.

The plaintiff in error has a right in the property amounting to an easement.  1 Washburn on Real Prop. chap. 1, sec. 2, par. 1, 3, 5.

The judgment of the Appellate Court is not final, and hence no appeal lies from it.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought in the circuit court of Cook county, by the Chicago and Eastern Illinois Railroad Company, to enjoin the Englewood Connecting Railway Company from constructing its track across the track of the Chicago and Western Indiana Railroad Company, on Wallace street, in the town of Lake, in Cook county.

The bill of complaint states, that on the 24th day of October, 1879, the complainant made and entered into a written lease with the Chicago and Western Indiana Railroad Company, under and by virtue of which complainant acquired the right to use the tracks of said Western Indiana, from Dalton to the terminus in the city of Chicago, for a period of nine hundred and ninety-nine years; that a supplemental lease was made on the 13th day of December, 1880; that the lease and supplemental lease were recorded in the recorder's office of Cook county, Illinois, before the defendant was created; that the complainant has been in the use of said railroad track ever since the execution of said lease.  The defendant put in an answer to the bill, in which it alleged that it was a corporation, duly organized under the laws of the State of Illinois, with its principal office at Chicago; that it is empowered to construct a railroad from a point on the Chicago, Pittsburgh and St. Louis railway, in the town of Lake, between Fifty-eighth and Fifty-ninth streets, to a point on the Pittsburgh, Fort Wayne and Chicago railway, in said town, between Fifty-eighth and Fifty-ninth streets, with the right to construct all side-tracks, etc., that its directors may deter-

mine upon. It is also set up in the answer, that defendant has the right to cross Wallace street; that respondent, on a certain date, filed in the county court its petition to condemn, against the Chicago and Western Indiana Railroad Company; that said petition was tried; that judgment fixing the damages due to the Chicago and Western Indiana Railroad Company in the sum of $400, was entered and paid. The lease set up in the bill, and the condemnation proceedings set up in the answer, are made exhibits to the answer. The cause came on to be heard upon bill, amended bill, answer and exhibits, August 10, 1885, and, on motion of plaintiff in error here, the injunction was dissolved, and the bill was dismissed for the want of equity. The complainant appealed to the Appellate Court, where the decree of the circuit court was reversed, and the cause remanded for further proceedings not inconsistent with the opinion. To reverse the decision of the Appellate Court, this writ of error was sued out by the defendant in the bill.

The first question for consideration is the motion of defendant in error to dismiss the writ of error for the alleged reason that the order of the Appellate Court is not such a final order as entitles plaintiff to appeal or have a writ of error. The only relief sought in the bill was an injunction, and when the circuit court dissolved the injunction, the complainant requested that the bill might be dismissed, which was done, for the reason, as we suppose, that no other relief was prayed for in the bill. Had there been any other ground of relief, of course the bill would have been retained, for the purpose of disposing of such matters. In the Appellate Court it was held that the complainant had property rights in the crossing, which had never been condemned, as against the complainant, and that it was entitled to an injunction, and that the court erred in dismissing the bill for want of equity. Then followed the order reversing, and remanding for further proceedings not inconsistent with the opinion. When the case goes back,

there is nothing for the circuit court to do but to enter a decree making the injunction perpetual. On bill, answer and exhibits, the circuit court held that complainant was not entitled to an injunction restraining the construction of the one railroad across the tracks of the other. The Appellate Court, on the same facts, on appeal, held that complainant was entitled to the injunction, and the cause was remanded. Obviously, when the case goes back, the duty of the circuit court would be to enter a decree in accordance with the decision of the Appellate Court. Under section 90 of the Practice act, an appeal or writ of error will lie from the Appellate to the Supreme Court, if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court. That was the case here. We think the case falls directly within the terms of the statute cited.

*Buck* v. *County of Hamilton*, 99 Ill. 507, has been cited and relied upon in support of the motion to dismiss. But there is no similarity between that case and the case before us. That was an action at law, and when remanded would stand for a new trial before a jury; but here, the circuit court only had to obey the mandate of the Appellate Court, and render a decree in accordance therewith. This case may be likened to *International Bank* v. *Jenkins*, 104 Ill. 143. The motion to dismiss will have to overruled.

As to the merits of the case, as presented by the record, but one question arises, and that is, whether the Chicago and Eastern Illinois Railroad Company acquired such an interest in the railroad track of the Chicago and Western Indiana Railroad Company, under the lease, as to make it a necessary party to the proceeding to condemn, which was instituted by the plaintiff in error, against the Chicago and Western Indiana company. This question rests upon the construction which will have to be placed upon the lease under which the Chicago and Eastern Illinois company claims. The lease

bears date October 24, 1879, between the Chicago and West-
ern Indiana Railroad Company, party of the first part; and
the Chicago and Eastern Illinois Railroad Company, party
of the second part, and recites, that the road of the party of
the second part has not been constructed to a point nearer
the city of Chicago than Dalton; that the facilities acquired
and being acquired by the party of the first part are adequate
for the business of the party of the second part; that the
said party of the second part, for and in consideration of the
premises, "has granted, demised and leased, and by these
presents does grant, demise and lease, unto the said party of
the second part, the right and privilege of using and running
locomotives, cars, and other rolling stock of said party of the
second part, over and upon the main track or tracks of the
railroad of the party of the first part, from Dalton to the pas-
senger depot in the city of Chicago; and also the exclusive
right and privilege of using, for the purposes of such traffic,
freight buildings," etc., which are specifically specified in the
lease. The lease is to run for a period of nine hundred and
ninety-nine years, and the amount to be paid for the privi-
leges granted is set out therein. It also provides, that during
the term, the party of the second part shall conduct the
entire local business between Dalton and the terminus in :
Chicago. The lease contains this provision: "That nothing
herein contained shall be deemed or taken, in any manner, to
affect or abridge any of the corporate franchises or powers of
said party of the first part to operate the said road on its own
behalf, to lease the same, or make contracts for its use with
other companies, and furnish terminal facilities similar to
those granted to the party of the second part." The seven-
teenth clause prohibits the party of the second part from
selling the lease, or underletting, and that it shall have no
right to contract with other railroads seeking an entrance
into the city. The eighteenth clause provides, that the party
of the second part shall comply with all reasonable rules

established by the party of the first part in regard to the exercise of the rights conferred, and it is "agreed that the party of the first part shall have the general control, management and supervision of the main line of the track, * * * and the full and sole control and direction of the management, use, location, improvement and repair of the same." The lease also provides that the party of the first part shall, during the term, exercise its corporate powers, and keep in repair the main track, etc.; that the party of the first part shall have the general control, management and supervision of the main line of track, "and the full and sole control and direction of the management, use, location, improvement and repair of the same, the appointment and supervision of all officers, agents and employes."

The lease is lengthy, and contains many provisions, but enough have been referred to, to show its scope and general object. From an examination of the whole lease, it is apparent, as to the main line of the road, the Chicago and Eastern Illinois Railroad Company has acquired the mere right to run its trains over the road from Dalton to the terminus of the road in Chicago, while the Western Indiana retains all of its franchises and powers, keeps the road in repair, retains the general management, and has the right to allow as many other railroad companies as it may please, to run their trains over the same line of road. Under such circumstances, it is difficult to understand what property interest of the lessee would be jeopardized or taken away if another railroad company is allowed to cross the track of the Western Indiana. The lessee has no ownership of the right of way, of the road-bed, or the track. It acquires none of the franchises of the lessor, for the lease expressly provides that they are retained by the latter: Under such circumstances, can it be said that the defendant in error has an interest in the railroad crossing, as owner or otherwise, within the meaning of the Statute of Eminent Domain? We think not. The ownership of the

crossing, the property condemned, was retained by the Western Indiana company. Suppose it had conveyed the right to cross its track, by deed, and the plaintiff in error had commenced the construction of its crossing under that instrument, would a court of equity enjoin that which the owner had agreed might be done?

But it is said, that the Eastern Illinois company has the right to run its trains over the line, and it can object; but the answer to this is, that the lease, which authorizes the running of its trains over the road, expressly provides that the Western Indiana shall have the management and supervision of the main line of track, and also the sole control and direction of the management, use, location, improvement and repair of the same. Now, if the Western Indiana can direct the use of the track, it surely can authorize some other company to cross the same, and that without the consent of the lessee. If the Western Indiana possesses this right, and would refuse its consent for the other railroad to cross its tracks, when the latter road would undertake to condemn, it would seem to follow, that if the Western Indiana was made a party to the proceeding, the judgment of condemnation ought to be valid, although the defendant in error was not made a party to the proceeding.

That clause of the lease in which the Western Indiana reserves the right to control the main line of track, and reserves "the full and sole control and direction of the management, use, location, improvement and repair of the same," we regard as an important one in fixing the rights of the parties. It shows, plainly, that the Eastern Illinois company has no voice in the determination of who shall use the track, but, on the other hand, its use is a matter which pertains solely to the Western Indiana company. If the Western Indiana can allow any railroad company it may choose, to run along its tracks, as it can under the lease, we see no reason why it may not allow a company to cross its tracks, and if it can

confer this power, regardless of the lessee, then the lessee would not be an interested party in a proceeding to condemn.

In conclusion, we are of opinion that the decree of the circuit court was correct.

The decision of the Appellate Court will be reversed, and the decree of the circuit court will be affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE MULKEY: I am not satisfied with the conclusion in this case.

Mr. JUSTICE SHELDON does not concur in the opinion.