## THE CITY OF VIRGINIA

### *v.*

## THE GIPPS BREWING COMPANY *et al.*

*Filed at Springfield March 30, 1891.*

FINAL JUDGMENT—*in Appellate Court—on error.* In case the Appellate Court reverses a judgment of the trial court by default, and remands the cause, with leave to the defendants to plead, the judgment of the Appellate Court is not such a final judgment as can be reviewed by this court on error.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. R. W. MILLS, for the plaintiff in error.

Mr. ARTHUR W. LEEPER, for the defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action of debt, brought by the city of Virginia against the Gipps Brewing Company and the Peoria Bottling Company, to recover certain penalties imposed for breaches of a city ordinance. The declaration alleges that, on the 1st day of August, 1888, the plaintiff was and still is a municipal corporation organized under the General Incorporation Law, and that on that day there was in full force and effect an ordinance of said city, duly passed, approved and published, making it unlawful for any person, by agent or otherwise, within the corporate limits of said city, to sell or give away any intoxicating, malt, spirituous, vinous, mixed or fermented liquors, to any person whomsoever, under a penalty of not less than $100 nor more than $200, yet the defendants, wholly regardless of said ordinance, on the day and year aforesaid, and on divers days before and since that time, within the corporate limits of said city, sold and gave away to divers persons named, and to divers other persons whose names were unknown to the plaintiff, divers kegs, cases and bottles of beer, the same then and there being a fermented liquor, contrary to the provisions of said ordinance. The sheriff's return shows service on both of the defendants by delivering a copy of the summons to their agent, the presidents of said corporations not being found in the county, and both defendants being defaulted for want of an appearance, judgment was rendered finding them jointly guilty of twelve violations of said ordinance, and imposing upon them a fine of $100 for each offense, making $1200 in all, and ordering that they pay the costs, including an attorney's fee of $5 for each offense, and that execution issue therefor.

At the same term the defendants entered their motion, supported by affidavits, to set aside the judgment by default and for leave to plead, which motion, after having been regularly continued to the next term, was considered by the court and

denied, and thereupon the defendants appealed to the Appellate Court, where they assigned for error both the entry of the judgment by default and the entry of the order denying their motion to vacate said judgment. Upon consideration of said appeal the Appellate Court reversed the judgment and entered an order remanding said cause to the Circuit Court with directions to permit the defendants to plead to the merits of the action. To reverse the judgment of the Appellate Court the plaintiff has sued out a writ of error from this court, and in that mode has brought the record here for review.

Both parties have assigned errors in this court, and neither is questioning our jurisdiction to entertain the writ of error. If, however, the case is one where, by the statute, no writ of error lies from this court to the Appellate Court, it is our duty to dismiss the writ of our own motion, notwithstanding the tacit acquiescence of both parties in its issuance and prosecution.

It is clear that the judgment of the Appellate Court is not a final judgment within the meaning of the statute giving this court jurisdiction to review the judgments of the Appellate Courts on appeal or writ of error. It merely reverses the judgment of the Circuit Court and remands the cause to that court for a new trial, such new trial to be had upon such issues as may be formed upon the pleas which the defendants may interpose to the merits of the action. The rights and liabilities of the parties are thus thrown entirely open to relitigation. Our jurisdiction of the writ of error in this case, however, is sought to be sustained by the last clause of section 8 of the "Act to establish Appellate Courts," as amended June 6, 1887. Laws of 1887, p. 156. By that section it is provided that in all cases determined in the Appellate Courts in actions *ex contractu*, where the amount involved is less than $1000 exclusive of costs, and in all cases sounding in damages where the judgment of the court below is less than $1000 exclusive of costs, and the judgment is affirmed or otherwise

finally disposed of in the Appellate Court, the order or decree. of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom, and that in all other cases appeals shall lie or writs of error may be prosecuted. from the final judgments, orders or decrees of the Appellate Courts to this court, provided that in case a majority of the judges of the Appellate Court shall be of opinion that a case decided by them involving less than $1000, exclusive of costs, also involves questions of law of such importance either on account of principal or collateral interests, that it should be passed upon by this court, they may, in such cases, on petition of the parties, grant appeals or writs of error to this court: "And provided, further, that in all actions where there is no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceeds $1000."

It is claimed that because, in this last proviso, the words "all actions" are used without repeating the limitation to the final judgments of the Appellate Courts in the class of cases there referred to, an appeal or writ of error to this court is given whether the judgment of the Appellate Court is final or not. To this view we are unable to assent. The manifest intention of the Legislature, as shown throughout the entire section, is to limit appeals and writs of error to the final judgments, orders and decrees of the courts whose action is sought to be reviewed, and the mere fact that such intention is not specifically repeated in the last proviso will not, in our opinion, justify the conclusion that in the class of cases there referred to, there was an intention to adopt a different policy.

Prior to the amendment of June 6, 1887, in cases where the right to appeal from the Appellate Court to this court depended upon the amount involved, our jurisdiction in all cases sounding in damages was made to depend upon the amount of the actual recovery, and consequently, in such cases, where

judgment was rendered for the defendant, though on demurrer, the decision of the Appellate Court affirming such judgment was final, whatever might be the nature of the controversy or the amount of the damages claimed. The object of the amendment was merely to change the mode of determining the amount involved in cases sounding in damages, where no issue of fact has been tried and no evidence heard, so as to make the amount depend not upon the recovery but upon the claim made in the declaration. Now an appeal lies to this court from the final judgments of the Appellate Courts in cases of this character, provided no issue of fact has been tried, and the amount claimed in the pleadings exceeds $1000. But it does not follow from any fair construction of said proviso, that in cases of this character, an appeal was intended to be given where the judgment of the Appellate Court is not final, as is the case where the judgment of the trial court is reversed and the cause remanded to that court for further proceedings.

We are of the opinion therefore that the writ of error in this case was improvidently issued, and it will accordingly be dismissed.

*Writ of error dismissed.*