188    363
s204    379

WILHELMINA HAGEMANN, Admx.

*v.*

MICHAEL HAGEMANN.

*Opinion filed December 20, 1900.*

APPEALS AND ERRORS—*when Appellate Court's judgment is not final.* A judgment of the Appellate Court reversing an order denying the prayer of a petition against an administratrix to deliver notes to the petitioner, who claimed them under an assignment which described the notes as being in a certain marked envelope in a certain deposit box to which the petitioner had access, is not final if it remands the cause with directions to ascertain what notes came into petitioner's possession, which were in such envelope, and to decree that such notes, or the proceeds of such of them as have been sold, if any, be paid to the petitioner.

*Hagemann* v. *Hagemann,* 90 Ill. App. 251, appeal dismissed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

HERVEY H. ANDERSON, for appellant.

F. M. BURWASH, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This appeal must be dismissed for the reason the judgment of the Appellate Court, from which the appeal is attempted to be prosecuted, is not a final, but merely an interlocutory, judgment.

The proceeding was a petition filed by the appellee in the probate court of Cook county, for an order of said probate court directing the appellant, as administratrix of the estate of Fritz Hagemann, deceased, to deliver to the appellee notes to the amount of $4000, payable to the deceased, and the mortgages or trust deeds securing the same. The claim of the petitioner was that the deceased, by an instrument in writing duly signed by him, assigned and transferred to the petitioner notes payable to the deceased in the total sum of $4000. The writing did not give the names of the payors of the notes or describe or identify the notes otherwise than by the following statement therein:

"Said notes are to be found in an envelope or package, which is marked, 'Notes owned by Michael Hagemann,' which may be found in my safety box in the Hatterman Safety Deposit Vault Company, Chicago, to which box my said brother has access.
FRITZ HAGEMANN."

On the hearing before the probate court the prayer of the petition was denied, and the same order was entered in the circuit court on appeal. The Appellate Court for the First District, to which the proceeding was taken by a further appeal, adjudged there was manifest error in the record, and ordered and adjudged (to quote from the judgment of the Appellate Court) "the judgment of the circuit court of Cook county, in this behalf rendered, be reversed, annulled, set aside and wholly for nothing es-

teemed, and that this cause be remanded to the circuit court of Cook county, with directions to ascertain, as near as practicable, and determine, what notes came into the possession of appellant, which were in said envelope, which deceased obtained from appellant, as stated, and to decree that such notes, or the proceeds of such of them as have been paid, if any, be delivered and paid to appellant."

The judgments of the Appellate Court from which appeals may be taken to this court are of three classes: First, judgments affirming the judgments, orders or decrees of the inferior court; second, judgments entering final judgments in the Appellate Court; and third, judgments reversing the judgments, orders or decrees of the inferior court, and remanding the cause, with such directions to the inferior court as that no further proceedings can be had or taken in the trial court except to carry into effect the mandate of the Appellate Court.

That the judgment here sought to be appealed from does not fall within either the first or second of these classes is beyond discussion. It is not a judgment of the third class. Other proceedings than such as are merely necessary to carry into effect the mandate of the superior court must be taken in the trial court—in this case under the remanding order. The judgment of the Appellate Court does not determine the controversy between the parties, but only an interlocutory issue in the cause. An affirmance of that judgment by this court would leave the controversy still undetermined. The cause must be again re-docketed in the trial court, and it will then become the duty of such trial court, in obedience to the directions of the Appellate Court, to hear evidence to be submitted by the parties and determine the remaining issues in the cause, and render a final judgment, order or decree in the cause. Such final order, judgment or decree, if affirmed, on appeal, by the Appellate Court, may not be in an amount sufficient to authorize this court to

hear a further appeal, but if so brought here by appeal it may be then assigned as for error that the Appellate Court erred in remanding the judgment here sought to be brought into review. It cannot now be brought into review in this court. *International Bank* v. *Jenkins,* 104 Ill. 143; *Anderson* v. *Fruitt,* 108 id. 378; *Buck* v. *Hamilton County,* 99 id. 507; *Coyne* v. *Newburg,* 185 id. 269.

The appeal must be and is dismissed.

*Appeal dismissed.*