THE PEOPLE, for use, etc., Appellees, *vs.* JAMES W. BROWN
*et al.* Appellants.

*Opinion filed February 16, 1916.*

APPEALS AND ERRORS—*what is not a final judgment.* A judgment by the Appellate Court reversing a judgment of the circuit court and remanding the cause to that court, with directions to overrule the demurrer which the trial court had sustained and for such further proceedings as to law and justice shall appertain, is not a final judgment and is not appealable.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. W. W. DUNCAN, Judge, presiding.

DENISON & SPILLER, for appellants.

ISAAC K. LEVY, MARTIN & GLENN, and JOHN M. HERBERT, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The People of the State of Illinois, for the use of Mary Bothman, Sarah Landau, the City National Bank and the First National Bank of Murphysboro, Illinois, brought an action of debt in the circuit court of Jackson county against appellants, James W. Brown, former county clerk of Jackson county, and the Title Guaranty and Surety Company, the surety on his official bond as such county clerk, to recover as damages $5000, the amount of said bond. The declaration alleges the election of Brown as county clerk, the giving of said bond, its approval by the proper officers, the recital of the bond that if said Brown should faithfully discharge the duties of said office and pay over all moneys received by him as such officer, render a just and true account of the same when required by law, and well and truly perform all and every act enjoined upon him by virtue of

said office to the best of his skill and ability, then said bond
to be void, otherwise to remain in full force and effect.
The declaration alleges it then became the duty of said
Brown, as county clerk, to perform all and every act en-
joined upon him by the laws of Illinois and to issue no
county orders or warrants on the treasurer of said county
unless ordered or authorized to do so. It is alleged the
said Brown did not perform his duty in this regard, but
that during his term of office he drew a number of county
warrants on the treasurer against a tax already levied but
not yet collected, aggregating $20,000, without being au-
thorized and without right to do so; that he issued to him-
self thirty-one such warrants, copies of which were attached
to and made a part of the declaration, which for value re-
ceived were sold to the usees herein, and that such usees
were induced to purchase the said orders by reason of said
Brown, as county clerk, representing to them that there was
due him as county clerk from said county, for fees and sal-
ary as such clerk, from the tax moneys to be collected for
the year 1912, the sum in each of said orders, respectively.
The declaration alleges special breaches as to each warrant
assigned said usees. Appellants filed a demurrer to the dec-
laration, which was sustained by the trial court. Appellees
stood by their declaration and judgment was entered against
them, from which judgment they took an appeal to the Ap-
pellate Court for the Fourth District. That court reversed
the judgment of the trial court and remanded the cause,
with directions to overrule the demurrer. A certificate of
importance was granted, and appellants have prosecuted this
further appeal.

The judgment of the circuit court was reversed by the
Appellate Court and the cause remanded to the circuit court
"with directions to overrule the demurrer and for such
other and further proceedings as to law and justice shall
appertain." That was not a final judgment. On the re-
instatement of the cause in the circuit court defendants had

a right to plead to the declaration and have the case tried on its merits. The certificate of 'importance was improperly granted. *Buck* v. *County of Hamilton,* 99 Ill. 507; *Partridge* v. *Stevens,* 187 id. 383.

The appeal will be dismissed and the record and files transferred to the clerk of the Appellate Court for the Fourth District:.

*Appeal dismissed.*

Mr. JUSTICE DUNCAN took no part in the decision of this case.