(No. 11313.—Writ of error dismissed.)
DORE WOLKAU, Defendant in Error, *vs.* FRED WOLKAU, Plaintiff in Error.

*Opinion filed October 23, 1917.*

APPEALS AND ERRORS—*what is not a final judgment.* A judgment of the Appellate Court reversing a decree in a proceeding for an accounting and remanding the cause to the circuit court "for such other and further proceedings as to law and justice shall appertain" is not a final judgment, and the Supreme Court may of its own motion dismiss a writ of error to review such judgment.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

JORDAN & JORDAN, MURRAY & MORRISSEY, and FLEMING & PRATT, for plaintiff in error.

STERLING, LIVINGSTON & WHITMORE, (SIGMUND LIVINGSTON, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, Dore Wolkau, filed her suit in the McLean county circuit court December 3, 1913, in an action of account, under section 1 of chapter 2 of our statutes, against plaintiff in error, her husband. At the November term, 1914, of said court, on motion of defendant in error, the cause was transferred to the chancery side of said court with permission to defendant in error to file a bill in equity. She filed her bill, averring, in substance, that plaintiff in error had collected all the rents and profits on a certain three-story building located on a certain lot in the city of Bloomington since March, 1888, and had paid the taxes on said property; that there never had been a settlement or accounting between her and plaintiff in error, and that

she had never received any rents or profits from said real estate except $45 paid to her by plaintiff in error December 21, 1908, and that the amount of rents collected by plaintiff in error was unknown to her. The prayer of the bill was for a discovery of all the rents and profits so received by plaintiff in error and for an accounting for the rents and profits collected by him during said time from said property, which she averred was owned by them as tenants in common in fee simple. Plaintiff in error filed a special demurrer, alleging as a special cause of demurrer that the recovery of the rents received by him on said property prior to the date of five years before the filing of said bill was barred by the five year Statute of Limitations. The court sustained a demurrer to that part of the bill which sought to recover rent collected more than five years before the commencing of the suit and overruled it as to the remainder of the bill. Plaintiff in error then filed an answer to the remainder of the bill, to which answer exceptions were interposed and overruled, and the court rendered a decree on the bill and answer in favor of defendant in error for $5857.09. From that decree defendant in error appealed to the Appellate Court. At the October term, 1916, of that court the decree of the circuit court was reversed and the cause remanded, the remanding order being in this language: "That this cause be remanded to the circuit court for such other and further proceedings as to law and justice shall appertain." A petition for *certiorari* was granted, and plaintiff in error has assigned errors in this court.

Neither party is questioning the jurisdiction of this court to entertain this writ of error. Notwithstanding that fact the case is one of which the court has no jurisdiction, and it is our duty to dismiss it of our own motion. (*City of Virginia* v. *Gipps Brewing Co.* 136 Ill. 616.) The judgment sought to be reviewed in this case is not a final judgment, as has been repeatedly held by this court. *People* v.

*Brown,* 272 Ill. 146; *People* v. *Board of Education,* 275 id. 195; *Riley* v. *Lamson,* 253 id. 258; *Hagemann* v. *Hagemann,* 188 id. 363; *Trustees of Schools* v. *Potter,* 108 id. 433; *Fanning* v. *Rogerson,* 142 id. 478.

The petition for a writ of *certiorari* was improperly granted in this case, and the writ of error must therefore be dismissed.

*Writ of error dismissed.*

---

(No. 11485.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN STOYAN, Plaintiff in Error.

*Opinion filed October 23, 1917.*