(No. 22322.—)

FRANK J. SMITH *et al.* Defendants in Error, *vs.* GUS H. BUNGE *et al.* Plaintiffs in Error.

*Opinion filed October 17, 1934—Rehearing denied Dec. 6, 1934.*

C. A. CARLSON, CHARLES W. HADLEY, and HARVEY T. FLETCHER, for plaintiffs in error.

GUS H. BUNGE, *pro se.*

CHARLES HUDSON, and CHILTON P. WILSON, for defendants in error.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Complainants, as minority stockholders of the Downers Grove Investment Company, filed their bill in chancery in the circuit court of DuPage county against the Downers Grove Investment Company, the Burke Storage Company, the Mason Real Estate Improvement Company, Gus H. Bunge, Mrs. F. M. Bunge, George H. Bunge, Mrs. George H. Bunge, Ernest E. Bunge, Charles Williston and C. J. Dunham, defendants. It was alleged that the Downers Grove Investment Company was a corporation organized under the laws of this State to act as agent for others in the purchase, sale, renting and management of real estate, in operating insurance agencies, lending money on real estate mortgages, on industrial or railway bonds, on public service corporations, on municipal or quasi-municipal bonds, and dealing in such securities, and for no other purpose; that the defendants have grossly mismanaged the affairs of the corporation by permitting Gus H. Bunge, its president, George H. Bunge, the Mason Real Estate Improvement Company and the Burke Storage Company to withdraw large amounts from the investment company for their own use and for the use of the real estate and the investment company; that such withdrawals were fraudulent and have reduced the assets of the corporation to such extent that insolvency either exists or is imminent, and that the defendants have refused to collect this indebtedness. The prayer of the bill was for the appointment of a receiver to take charge of the affairs of the investment company and to collect the money due it from the defendants, for an accounting between the investment company and the other defendants, and for general relief.

The defendants answered, and the cause was tried by the chancellor, who dismissed the bill for want of equity. An appeal was perfected to the Appellate Court for the Second District. Thereafter, and without disposing of the appeal, a writ of error was sued out from the Appellate Court to the circuit court of DuPage county. The defendants joined in error, and, upon hearing, the decree of the circuit court was reversed and the cause remanded to that court, with directions to enter a decree appointing a receiver for the Downers Grove Investment Company and for an accounting between it and the other defendants in error, as to all their acts and transactions with the Downers Grove Investment Company, and as to all acts between it, by and through any of its officers, and the defendants in error. It was ordered that the parties produce before the master all books, records, papers and writings in their custody or under their control and to submit to an examination upon oath touching the accounting. *Certiorari* was granted by this court, and the cause is now here for review.

Unless the order of the Appellate Court reversing the decree and remanding the cause with directions to appoint a receiver and state an account is a final order it cannot be reviewed here. A final decree is one which fully decides and finally disposes of the rights of the parties to the cause. Where accounts are to be settled between the parties and the decree contains an order of reference by which the accounts are to be stated according to certain principles fixed by the decree the decree is final, but where the chancellor fails to fix the principle by which the accounts are to be stated and future judicial action and discretion on his part are contemplated and necessary, or where some equity different from the equities involved in the accounting remains for further adjudication, then such decree is interlocutory, unless the status of the account or matter to be thereafter determined is apart from the other equities involved. (*Gray* v. *Ames,* 220 Ill. 251; *Eich* v. *Czervonko,* 330 id. 455.)

The order of the Appellate Court entered herein merely directed the circuit court of DuPage county to refer the cause to a master for the purpose of stating the account of the Downers Grove Investment Company as between itself and the other defendants. The order fixes no principles on which the accounts shall be stated and leaves the master and the court below entirely free to find the state of accounts. It is, in other words, a mere order of reference to state the account, and since no rules of liability are determined by the order of the Appellate Court it is an interlocutory order and therefore not appealable. *Wolkau* v. *Wolkau,* 280 Ill. 298; *People* v. *Stony Island State Savings Bank,* 355 id. 401.

The portion of the order of the Appellate Court which directed the appointment of a receiver is likewise not reviewable. The right to review an order appointing a receiver, even though interlocutory, was given by statute enacted in 1887, which provides for appeals to or writs of error from the Appellate Court to review interlocutory orders granting injunctions or appointing receivers. It also provides that no further appeal or writ of error may be prosecuted from the order entered by the Appellate Court, thereby, in effect, making the decision of the Appellate Court final as far as the right to review the interlocutory order is concerned. This provision of the statute was re-written, without material change, in the Practice act of 1909 as section 123 of chapter 110 of Cahill's Statutes and is now section 78 of the Civil Practice act. We have held there is no right of review of an interlocutory order of the Appellate Court directing the appointment of a receiver. *Town of Vandalia* v. *St. Louis, Vandalia and Terre Haute Railroad Co.* 209 Ill. 73.

The petition for the writ of *certiorari* was improperly granted in this case, and the writ of error must therefore be dismissed.

*Writ dismissed.*