**W. E. Vick, Appellant, v. Illinois Bankers Life Association of Monmouth, Illinois, and Illinois Bankers Life Assurance Company, Appellees.**

342

Opinion filed November 8, 1937.

C. S. MILLER, of Mound City, for appellant.

DEWEY & CUMMINS, of Cairo, and E. H. HENNING and L. W. MELBURG, both of Monmouth, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Pulaski county, Illinois, sustaining a demurrer to replications to certain pleas. The matter was heard on former appeal to this court in the case of *Vick v. Illinois Banker's Life Ass'n of Monmouth,* 276 Ill. App. 432.

The declaration alleged the issuance of three insurance policies by the defendant insurance company, in compliance with all conditions precedent and the death of assured. The defendant, appellee herein, filed certain pleas setting forth a lapse of the policies for nonpayment of the premiums by the assured. The plaintiff, appellant herein, filed replications to the pleas stating that the assured, prior to her death, had made disability claims under two of the policies in the sum of $1,500, which claims were unjustly denied by the insurance company, and alleging that the company was required to use moneys in its hands belonging to the assured to pay premiums due on the life insurance policies to avoid a forfeiture of the policies. Defendant demurred to these replications. On the first trial the circuit court overruled the demurrer to the replica-

tions, a rejoinder was filed and plaintiff obtained a verdict and judgment.

On the former appeal this court held that the insurance company could not be required to pay premiums on life insurance policies with moneys due on disability claims. We held that the life insurance policies lapsed for nonpayment of premiums, that the policies were forfeited, and that the trial court erred in overruling the demurrer to the replications. While the replications erroneously set forth disability claims due the plaintiff instead of disability claims due assured, the decision on the former appeal was not affected thereby.

The opinion of this court stated that notwithstanding the fact that appellants on the former appeal had not elected to stand by their demurrer to the replications, the decision of this court, that there could be no recovery under the policies, could be made effective by sustaining the demurrer to the replications. The cause was accordingly remanded to the circuit court with directions to sustain the demurrer to the replications.

Plaintiff, appellant herein, amended the replications to show disability claims due assured instead of claims due the plaintiff. The circuit court in accordance with the directions of this court sustained the demurrer. Appellant prosecutes this appeal from the judgment of the circuit court sustaining the demurrer, and asks this court to review the merits of its former decision.

Appellant contends that the decision of this court on the former appeal was not a final judgment from which an appeal could be taken to the Supreme Court, and asks judgment of this court reversing the judgment of the circuit court of Pulaski county and an order remanding the cause for a trial on the merits.

We are of the opinion that the judgment of this court on the former appeal was conclusive of the only issue involved in the cause, that is to say, whether there was

money in the hands of the defendant which could and should have been applied to the payment of premiums on life insurance policies to avoid lapse of the policies. The remanding order of this court contained specific directions. Nothing remained for the circuit court but to follow the mandate of this court. In such case a judgment of this court is a final judgment. *Joliet & C. R. Co. v. Healy,* 94 Ill. 416, 418 (affirmed 116 U. S. 191); *International Bank of Chicago v. Jenkins,* 104 Ill. 143, 148, 149 (affirmed 106 U. S. 571); *Mitchell v. King,* 187 Ill. 452; *Wenham v. International Packing Co.,* 213 Ill. 397, 401; *Englewood Connecting R. Co. v. Chicago & E. I. R. Co.,* 117 Ill. 611, on 615; *People v. Haas,* 351 Ill. 68; *Kroell v. Kroell,* 219 Ill. 105, 110; *Friedman v. Lesher,* 198 Ill. 21, 24; *Kaneville v. Meredith,* 361 Ill. 556, 563.

All matters at issue having been settled by our former opinion, we are not at liberty to reconsider the merits of this case. *Kaneville v. Meredith,* 361 Ill. 556; and *Conner v. Conner,* 163 Ill. App. 436.

The cases cited by appellant do not interfere with this result. In the case of *City of Virginia v. Gipps Brewing Co.,* 136 Ill. 616, the first decision of the Appellate Court reversed and remanded the cause for a new trial upon such issues as might be formed by pleas to be entered by the defendant. In *People v. Brown,* 272 Ill. 146, the directions of the Appellate Court were to overrule a demurrer, thus giving the defendants the right to plead over and to have a trial on the merits. In *People v. Board of Education,* 275 Ill. 195, the cause was left in such shape on remandment that new issues might be formed. In *Riley v. Lamson,* 253 Ill. 258; *Hagemann v. Hagemann,* 188 Ill. 363, and *Fanning v. Rogerson,* 142 Ill. 478, there were other issues than those settled by the opinions of the Appellate Court.

The circuit court having followed the mandate of this court, nothing remains but to affirm that judgment.

The judgment of the circuit court of Pulaski county is affirmed.

*Affirmed.*