Eugene Kavanaugh, Minor, by Maurice Kavanaugh, His Father and Next Friend, Appellee, v. Jeanne Parret, Appellant.

Gen. No. 9,615.

430

Opinion filed April 25, 1941. Rehearing denied June 24, 1941.

SEARS, O'BRIEN & STREIT, of Aurora, and SNAPP, HEISE & SNAPP, of Joliet, for appellant; BARNABAS F. SEARS, of Aurora, CHARLES F. SHORT, JR., of Bloomington, and WILLIAM M. GARVEY, of Lockport, of counsel.

CHARLES M. ROBSON and RAY F. FAULKNER, both of Joliet, for appellee; RAY F. FAULKNER, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This suit is an action brought by the appellee, Eugene Kavanaugh, a minor, by Maurice Kavanaugh, his father and next friend, against the appellant, Jeanne Parret, to recover for personal injuries sustained by Eugene Kavanaugh as a result of a collision between the bicycle ridden by him, and a motor vehicle driven by the appellant, Jeanne Parret, on a highway in Will county. The case was tried before a jury who rendered a verdict in favor of the plaintiff for $4,500. Judgment was entered on the same, and it is from this judgment that the appeal has been perfected to this court. The complaint filed in the case consisted of one count. It averred that on August 2, 1937, Eugene

Kavanaugh was possessed of a bicycle on which he was riding in a southerly direction on and along State highway, namely Route 59, about two miles south of the intersection of Route 59, and Route 69, and at said time and place aforesaid, he was in the exercise of due care and caution for his own safety; that at the said time and place, the appellant, Jeanne Parret, was operating an automobile in a southerly direction on said State Route 59, and that the appellant, Jeanne Parret, negligently caused the bicycle and the automobile to collide.

The petition alleges that the defendant, Jeanne Parret, was guilty of one or more of the following acts of negligence: "(a) Negligently and carelessly drove said automobile at a greater rate of speed than was reasonable and proper, having regard to the traffic and the use of the way, and at a speed contrary to Section 22 of the Motor Vehicle Law of the State of Illinois.

"(b) Negligently and carelessly drove said automobile at a speed which endangered persons rightfully riding upon and along said public highway.

"(c) Negligently and carelessly drove said automobile with defective brakes and was unable to slacken the speed of said automobile, due to the condition of the brakes, before the said automobile, operated by the said Jeanne Parret, defendant, and the bicycle upon which Eugene Kavanaugh was riding collided.

"(d) Negligently and carelessly failed to give any warning signal of the approach of the said automobile operated by the defendant.

"(e) Otherwise so negligently managed, controlled and operated said automobile at the time and place aforesaid that the automobile operated by the defendant, Jeanne Parret, collided with the bicycle upon which the said Eugene Kavanaugh was riding.

"(f) Negligently and carelessly failed to keep a proper lookout for people rightfully riding along and upon said highway."

It is then alleged that due to the collision between the automobile of the defendant, and the bicycle of the plaintiff, the plaintiff was severely injured, and claimed damages in the sum of $15,000.

The defendant filed her answer in which she admits that the appellee was possessed of a bicycle which he was riding in a southerly direction along said State highway at the time and place aforesaid, but denies that appellee was in the exercise of due care and caution for his own safety. Said answer further admits the appellant was operating her automobile south on said highway, but denies each and every allegation of negligence contained in the complaint, and specifically denies than any damage was sustained as a result of the negligence on the part of the defendant.

The evidence discloses that the plaintiff, Eugene Kavanaugh, at the time of the accident, was a boy 16 years of age; that he was riding in a southerly direction on State Route 59, in company with Robert Bagnell, a boy 17 years of age; that the defendant was driving in a southerly direction on said Route No. 59, accompanied by her brother, Edmund W. Parret; that as the car of the defendant approached the boys, the Bagnell boy who was riding on the right side of Eugene Kavanaugh, turned his bicycle off of the pavement on to the west side of the road; that Eugene Kavanaugh turned his bicycle to the east of where he was riding, and was struck by the automobile of the defendant, and severely injured.

It is claimed by the appellant that the verdict of the jury is against the manifest weight of the evidence, therefore, the verdict and judgment should not be allowed to stand. The evidence, as in every contested case, is conflicting. We do not see any advantage in quoting the evidence. The jury had an opportunity to hear the evidence and see the witnesses, as they gave their testimony. If they believe the evidence of the plaintiff's witnesses to be more worthy of belief than

the evidence of the defendant's witnesses, it is their province to give credence to the ones they thought the more worthy of belief. They have seen fit to give more credence to the plaintiff's witnesses than that of the defendant's. We have read the evidence, as abstracted, and where there is some dispute in regard to the testimony, we have read it as it is set forth in the record. Unless this court can say that the finding of the jury is against the manifest weight of the evidence, we would not be justified in reversing the judgment on that ground. It is our conclusion that the verdict of the jury is not against the manifest weight of the evidence, but the same is sustained by the record.

It is next insisted that the case should be reversed because at the time the jury was being impaneled, the attorney for the plaintiff asked the jurors whether any of them were employees, agents, representatives, solicitors, or policyholders, or financially interested in the Union Auto Indemnity Association of Bloomington, Illinois. Before this question was propounded to the jurors, the court and the attorneys retired to the court's chambers and the attorney for the plaintiff submitted a question that he proposed to ask the jurors. The attorney for the defendant appellant, asked leave to file an affidavit, which was granted. The affidavit stated that none of the jurors on the regular panel that were called to hear this case had any such interest in the insurance company. The chief counsel for the insurance company was present in court helping to defend the suit, and gave testimony to the same effect, that none of the jurors were interested in any way, in the insurance company. The court then granted permission to the plaintiff to ask the members of the jury the question. The question was propounded to all of the jurors at the same time. The same procedure was followed in the case of *Smithers v. Henriquez*, 368 Ill. 588. The language used in that case by the Supreme Court is decisive of the question

in this case, and the court did not err in allowing the questions to be propounded to the jurors.

It is seriously contended by the appellee, that the court committed reversible error by giving plaintiff's instruction No. 10, which is as follows: "The Court instructs the Jury as a matter of law that if a person without fault on his part is confronted with sudden danger or apparent sudden danger, the obligation resting upon him to exercise ordinary care for his own safety, does not require him to act with the same deliberation or foresight which might be required under ordinary circumstances." This instruction has been before the Supreme and Appellate Courts numerous times, and has been criticized by them. We so criticized it in the case of *DeMay v. Brew*, 306 Ill. App. 505. We there held that owing to the facts as developed in that particular case as disclosed by the record, the instruction assumed that the deceased was confronted with sudden danger. Other cases have been cited wherein, an instruction similar to this, has been criticized because the instruction calls particular attention to the want of due care on the part of the plaintiff. The instruction in this case does not call particular attention to the negligence, due care or want of due care on the part of the plaintiff, but it could be well reasoned that if the defendant was confronted with a sudden danger (that is, if her theory of the case is correct, that the boy turned over onto the left side of the road in front of her, and she could not avoid injuring him,) it would apply with equal effect both to the plaintiff and to the defendant. In the case of *Roberts v. Chicago City Ry. Co.*, 262 Ill. 228, the instruction given in that case is not identical with the one in question, but nearly so. In substance, they are the same. The court, in that case held, that it was not reversible error to give the instruction, but the case was reversed for other reasons. However, the court does discuss the instruction, and says that it should not

have been given. To understand whether a given instruction would mislead the jury, the facts of the case must be considered. In the case of *Roberts v. Chicago City Ry. Co., supra,* the plaintiff's intestate was attempting to cross a street intersection where there were double street car tracks. As he was going to cross the northbound tracks, the motorman gave a signal, and the deceased, without looking back to see whether the southbound track was clear, jumped back off of the northbound track into the path of the southbound car and was killed. The court, in that case held, that the vital question was not just whether the defendant at the time he jumped out of the way from the one car over into the path of the other, was confronted with sudden danger, and only then had to use such care and caution as a person under like circumstances would use, but the instruction failed to take into consideration and inform the jury whether the deceased was in the exercise of ordinary care just at, and prior to the time that he put himself in the position where he found himself at the time the emergency arose, and say that the instruction for that reason was misleading, and therefore, should not have been given. Some of the cases recognize that the instruction properly states the law, but in most cases it needs an explanation so as to give the jury a better understanding of just what they are to consider in arriving at their conclusion of whether or not the party was negligent under all the circumstances.

In the present case, the evidence is undisputed that the plaintiff and the other boy were riding down a hard road in their proper lane of traffic; that the car of the defendant was approaching them from the rear. There is a dispute in the evidence how many times the defendant blew her horn before the collision occurred. She says she blew it several times. The boys say they did not hear but one blast of the horn, and the car was then right upon them. Under such circumstances as

developed by the evidence in this case, we do not see how the jury could be misled in regard to this instruction. Especially is this so when plaintiff's given instruction is considered with the defendant's given instruction No. 3, which states the same rule of law, but singles out the defendant, and states that if the defendant being confronted with a sudden emergency which she could not in the exercise of ordinary care, have reasonably foreseen, then the ordinary care of the defendant was only such care as a reasonably prudent person would exercise under such circumstances.

Complaint is also made that the court erred in giving the plaintiff's instruction No. 12, which relates to the measure of damage that the plaintiff is entitled to recover if the jury found in favor of the plaintiff. Plaintiff's given instruction No. 1, told the jury what he charged in his declaration. Other instructions told them that the plaintiff must prove his case by a preponderance of the evidence; that the plaintiff was injured; that he exercised reasonable care for his own safety, and that the defendant was negligent, as charged in his bill of complaint. This instruction was taken nearly *verbatim* from *Illinois Cent. R. Co. v. Cole*, 165 Ill. 334, in which the court there says that the instruction states a correct principle of law.

We find no reversible error in the case, and the judgment of the trial court will be affirmed.

*Affirmed.*