(No. 27801.—)

EUGENE KAVANAUGH, Appellant, *vs.* JEANNE WASHBURN, Appellee.

*Opinion filed May 16, 1944—Rehearing denied September 18, 1944.*

RAY F. FAULKNER, and ROBERT E. HIGGINS, both of Joliet, for appellant.

SEARS, O'BRIEN & STREIT, of Aurora, and BARR & BARR, of Joliet, (BARNABAS F. SEARS, of Aurora, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Plaintiff filed this suit in the circuit court of Will county to recover damages for personal injuries received when the bicycle which he was riding and the automobile driven by defendant collided on a public highway in said county. A trial resulted in a verdict and judgment for plaintiff. The Appellate Court affirmed it (310 Ill. App. 429) but on leave to appeal to this court the judgment was reversed and cause remanded to the circuit court for a new trial. (379 Ill. 273.) On a second trial the jury found for the defendant. The verdict was returned October 23, 1942, and the same day a judgment was entered on the verdict in bar of plaintiff's action. Four days thereafter plaintiff obtained leave and filed a motion for a new trial which contained fifteen assignments of error. The errors alleged may be grouped under four general heads, namely: error in rulings on evidence, in giving and refusing instructions, the trial court's comments on

the evidence in the presence of the jury, and that the verdict was not supported by the evidence and was the result of passion and prejudice. The trial court awarded a new trial and the judge's memorandum opinion rendered when he ruled on the motion appears in the record. It is stated therein that the court considered the evidence was close and as a result the jury should have been accurately instructed. It was found that certain instructions were erroneous and were prejudicial or liable to have misled the jury. Defendant filed a petition under section 77 of the Civil Practice Act (Ill. Rev. Stat. 1943, chap. 110, par. 201,) for leave to appeal to the Appellate Court from the order granting a new trial. The right to appeal was granted and in considering the case the Appellate Court concluded that there was nothing in the instructions which supported the order allowing a new trial. An order was entered which reversed the order of the trial court granting a new trial and remanded the cause "with directions to enter judgment on the verdict." 320 Ill. App. 250.

Plaintiff filed a petition in this court asking for leave to appeal from the order of the Appellate Court. Defendant filed his answer. Thereafter, but before the petition for leave to appeal had been considered, defendant filed a motion to dismiss the petition on the grounds that the judgment of the Appellate Court was not final and appealable. The petition for leave to appeal was granted and the motion to dismiss was taken with the case.

The errors relied upon by plaintiff for reversal of the order of the Appellate Court all relate to the giving of some of defendant's instructions. All errors are premised on the fact that the evidence as to proof of negligence was close and that under such circumstances accuracy in the instructions was imperative. There is no claim that the judgment of the Appellate Court raised a constitutional question for the first time which would give this court jurisdiction to review the case on writ of error.

The questions presented by the motion to strike being jurisdictional, will be given first consideration. There is no right of review by appeal unless there is a statute which authorizes it. (*Durkin* v. *Hay,* 376 Ill. 292.) Prior to the effective date of the Civil Practice Act, there was no provision in the law for an appeal from an order allowing a motion for a new trial. Section 77 (par. 201) of that act provides, in part, as follows: "Appeals shall lie to the Appellate or Supreme Court, in cases where any form of review may be allowed by law to revise the final judgments * * * of the Circuit Court, * * * and other courts whose judgments, orders and decrees are reviewable therein * * *. An order granting a new trial shall be deemed to be final order, * * *." Did the legislature intend by the latter declaration to clothe an order of a trial court granting a new trial with all the attributes of finality that a final judgment carries? It has been repeatedly stated by the courts of review of this State that for a judgment or decree to be final and appealable, it must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of the judgment or decree. (*Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569; *Rogers* v. *Barton,* 375 Ill. 611.) The very purpose of an order allowing a motion for a new trial is to set aside the verdict of the jury and to place the parties in the same position they occupied before the trial. Thus, instead of being a step leading directly to a final judgment, it is the reverse. It places the whole matter back on the trial calendar for another trial. It is obvious that if the statute was to be construed as making an order granting a new trial final, as that term is understood in the law of appeal, then it would have the effect of rendering final that which, according to law, is not final. The possibility of serious constitutional objections to such con-

struction is obvious, but such questions are not presented in this case and will not be considered.

If, in construing the statute, the distinction between a right to appeal from judgments or decrees that determine the rights of the parties on the merits and a right to appeal from an interlocutory order is noted, the intent and purpose of the act is more apparent. In *Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155, this same statute was under consideration and the difference between judgments or decrees that determine rights of the parties on the merits and those that are interlocutory was noted. It was held in that case that section 77 gave the right of appeal from an order granting a new trial. However, it was not necessary, under the facts presented, to determine the full import of the meaning of the word final as used in the statute.

The more reasonable, construction, and the one which makes the statute more readily applied, is that the legislature intended to extend the right of appeal to an order granting a new trial under the conditions specified in section 77, but that it did not intend by the use of the word "final" to thereby clothe such an order with all the finality that is given judgments or decrees which fix the rights of the parties on the merits. The word "final" in the statute was used in the sense of "appealable" and, as such, gave the right of appeal from an order granting a new trial, subject to the approval of the reviewing court under the terms therein stated.

This brings us to a consideration of the power and scope of inquiry which an Appellate Court may exercise when an appeal from an order granting a new trial has been allowed. The only matter open for review is the propriety of the trial court's order allowing a new trial. Matters outside the scope of the motion for new trial are not a proper subject of review. The Appellate Court can not, by the order it enters, undertake to determine the

rights of the parties on the merits. The order that is entered by the Appellate Court must be limited to an affirmance or reversal of the order of the trial court. In either event, the cause should be remanded with directions to proceed in due course. The purpose for such limitation on directions is obvious. If the trial court order has been affirmed, remandment with directions to proceed in due course, or the equivalent, leads to a redocketing of the cause in the trial court and leaves the parties in the same position as when the order for a new trial was entered. If the Appellate Court reverses the order allowing a new trial, its power to remand is inherent but its authority to give directions is circumscribed by the scope of its review. When the cause is redocketed on an order of reversal and remandment, it should leave the parties in the same position as they were before the trial court ordered a new trial. The rights of the parties as to other motions or other appropriate action that may follow the overruling of a motion for a new trial should not be foreclosed.

Section 68 (par. 192) provides that if either party may wish to move for a new trial he shall file his points in writing before judgment is entered or within ten days thereafter, or within such time as the court may allow on motion made within ten days. In this case, the motion containing the points was filed within ten days following the entering of the judgment. As stated, the judgment was entered on the same day the verdict was returned. Where the motion is filed following the entry of the judgment, the judgment remains in force subject to action on the motion. If the motion is denied, the judgment continues as though no motion had been made and there is no right of appeal from the order denying the motion. The rights of appeal of the losing party are those rights given by statute to appeal from judgments or decrees that are determinative of the rights of the parties on the merits.

Of course, error may be assigned on such appeal on the order denying the new trial. If the order of the trial court allows a new trial, it has the effect of setting the judgment aside. If, on appeal, the Appellate Court reverses the order allowing a new trial, it must go back to the trial court to proceed in due course, which includes the entering of a judgment on the verdict. In this case the order of the Appellate Court remanded with directions to enter a judgment on the verdict. The direction given was beyond the power which the Appellate Court might exercise on the review of an order granting a new trial. As stated, it should have been limited to a remandment with directions to proceed in due course.

The next question is as to the right of a party to appeal to this court from an order of the Appellate Court entered in that court on a review of an order granting a new trial. We find no statute which authorizes such an appeal. Section 75 (par. 199) of the Civil Practice Act authorizes appeals from Appellate Courts to this court in certain cases but it is well settled that the appeals authorized by that section are from judgments and decrees that are final and determine the rights of the parties on the merits. (*Smith* v. *Bunge,* 358 Ill. 229; *Dowdall* v. *Hutchens,* 347 Ill. 326.) Its language cannot be extended to include a right to appeal from the Appellate Court to this court in a case where the Appellate Court has reviewed an order granting a new trial.

Nothing that has been said should be considered as a limitation upon the right of a party to appeal from the trial court direct to this court on an order granting a new trial where the issues and questions are such as to give this court jurisdiction on direct appeal. However, on such an appeal the scope of review which this court may exercise is limited to a review of the order allowing the new trial.

Defendant suggests that when the trial court enters judgment pursuant to the mandate of the Appellate Court, plaintiff then has a right to appeal to the Appellate Court and follow the regular procedure as is permitted on final judgments by petitioning for leave to appeal to this court. Plaintiff answers by asserting that when the cause reaches the Appellate Court the second time, it would be subject to dismissal for the reason that the only question then open would be as to whether the trial court had followed the mandate of the Appellate Court. In appeals from final judgments, that rule has its application but the difference between the character of such a judgment and the one the Appellate Court is authorized to enter in a case where it is reviewing an order granting a new trial must be kept in mind. It is possible that the questions submitted on the second appeal would be the same as those presented in the review of the order granting the new trial, but such similarity of questions would not permit a dismissal of the second appeal on the grounds stated by plaintiff. We conclude that the regular course of procedure for appeals from final judgments is open in this kind of case after the judgment on the verdict has been rendered.

It will be granted that the course of procedure charted by this opinion is involved and confusing, but it seems to be the only available course under the pertinent statutes.

Since there is no right of appeal to this court, there is no jurisdiction to entertain the case for any purpose, not even to direct the Appellate Court to correct its judgment as to the directions it gave the trial court to enter judgment on the verdict. The motion to dismiss the petition for leave to appeal will be sustained.

*Petition dismissed.*